MURRAY *against* WILLIAMSON Administrator of
GRAY.

IN ERROR.

*Chambersburg,
Saturday,
October 6.*

BILL of exceptions to the opinion of the Common Pleas of *Cumberland* county.

The action was covenant upon an indenture of lease, to recover rent in arrear at the death of *Gray* the plaintiff's intestate. The defendant *Murray* pleaded covenants performed, and *payment;* and on the trial of the cause, after proving that in the lifetime of *Gray*, he, the defendant, had in his possession as his property, a certain single bill under the hand and seal of *Gray* executed to one *John Conolly,* and by him assigned in the presence of one witness to the defendant, he offered to give the bill and assignment in evidence under the plea of payment, as an answer *pro tanto* to the plaintiff's claim. But this evidence being objected to, was overruled by the court, and the defendant tendered a bill of exceptions.

*Duncan* for the defendant in error, cited *Hutchinson* v. *Sturges* (a), *Shipman* v. *Thompson* (b), *Whitaker* v. *Rush* (c), *Bull. N. P.* 179. *Cramond* v. *The Bank of the United States* (d), 1 *Selw.* 138.

*Watts* for the plaintiff in error.

TILGHMAN C. J. *Murray* was indebted to *Gray* in his lifetime for rent. He had also in his possession a single bill ministrator. On the contrary that act has been uniformly construed to admit it.

*If the defendant has an equitable demand against the plaintiff, as for instance a bond given by the plaintiff to a third person, and by him informally assigned to the defendant, the court will permit him either to set it off against the plaintiff's demand, or give it in evidence under the plea of payment. It is not essential to a set-off that the defendant should be able to sue for the demand in his own name. There is nothing in the defalcation act of Pennsylvania to exclude a set-off either by or against an executor or administrator.*

(a) *Willes* 264 note.
(b) *Willes* 103.
(c) *Ambler* 407.
(d) 1 *Binn.* 64.

1810.

MURRAY
v.
WILLIAM-
SON.

from *Gray* to *John Conolly*, assigned to him during the life of *Gray* in such a manner as to give him the complete equitable property; but it was not assigned according to the act of assembly, so as to enable him to bring an action in his own name. This action was brought to recover the rent, and the defendant under the plea of payment with leave &c. offered to give the single bill in evidence, which was re-jected by the court, and on this the bill of exceptions is founded. The plaintiff in error contends that the evidence was admissible, either as a discount, or as an equitable de-fence, on which he would have been relieved in a court of Chancery. The counsel for the defendant in error, in the opening of his argument, denied that under our act of assem-bly, there can be a defalcation, when either of the parties is an executor or administrator; but he did not persist in it, and certainly, the construction of the act has been uniformly to the contrary. This objection therefore is out of the ques-tion. If the single bill had been assigned in the presence of two witnesses according to the act of assembly, the defen-dant might certainly have availed himself of it, by way of defalcation. I see no good reason why he may not do it, as it is. It is stated in the bill of exceptions, that the single bill was the property of *Murray*. The case is much stronger in this court, than in the *English* courts of common law; be-cause here an equitable defence is pleadable. But even the courts of common law have recognised the equitable owner of a chose in action, though the action was brought in the name of another for his use. In *Winch* v. *Keeley*, 1 *D. & E.* 619, where the plaintiff was a bankrupt, the court sustained the action for the use of another person, to whom the plain-tiff had made an assignment of a chose in action prior to his bankruptcy. In *Rudge* v. *Birch*, *Mich.* 25 *Geo.* 3. *K. B.* cited 1 *D. & E.* 622, the action was debt on bond, the de-fendant pleaded that the bond was given to the plaintiff for the use of *A*, for a debt due from the defendant to *A*, and that *A* at the time of the action brought was indebted to the defendant in more than the amount of the bond; held a good plea on demurrer. The same principle was established in *Bottomley* v. *Brooke*, cited 1 *D. & E.* 622. It appears by some of the cases cited on the part of the defendant in error,

that the debt sued for, and the debt set off, must not be in    1810.
different rights. For instance, if the plaintiff sues as execu-    MURRAY
tor, the defendant cannot set off a debt due to him from the        *v.*
plaintiff in his private capacity, or *vice versa;* but that is not WILLIAMSON,
the present case. Here the plaintiff sues as administrator;
and the debt offered to be set off, is due from the plaintiff's
intestate. Both are in the same right. But it is immaterial
to the defendant, whether he avails himself of this defence
by way of defalcation strictly speaking, or on the ground of
equity. It would be against equity, that the defendant should
be compelled to pay this debt; when there is a debt due to
him in equity from the plaintiff's intestate. It not only sub-
jects him to the expense and delay of a new action, but pos-
sibly to the loss of part of his demand, in case of a defi-
ciency of assets. I shall gladly embrace every principle which
prevents multiplicity or circuity of action. Justice is done
to the plaintiff, if he receives what is due to the estate of
*Gray* from the estate of *Murray*, deducting all legal or equi-
table debts due from the estate of *Gray* to the estate of
*Murray.* I am of opinion therefore, that the evidence offered
by the defendant was improperly rejected, and the judgment
of the court of Common Pleas should be reversed.

YEATES J. There is no ground for alleging, that set-offs
cannot be established in suits brought by executors or ad-
ministrators. It has been done repeatedly; and it cannot be
objected thereto, that it disturbs the due course of adminis-
tration of the estates of decedents, because the sum really
due at the death of the party is the true balance, 1 *Binn.* 64.
But it is clear, that a person indebted at the time of the
death of the party, cannot buy in afterwards for the purpose
of set-off, a debt of inferior dignity, which would be ex-
cluded from payment on a legal distribution of assets; for
this would disturb the course of administration.

I admit that the debt, intended to be set off, must be
claimed in the *same right* as the debt demanded. But that
objection does not occur in the present instance. *Williamson*
claims the debt as administrator of *Gray;* and the counter-
claim against him is in the same character.

It has been contended, that to enable a man to make a
VOL. III.                          S

1810.

MURRAY
v.
WILLIAMSON.

set-off, he must have it in his power to sue in his own name. It lies on the defendant in error to establish this position, which seems to militate against the first principles of justice. It has been observed by a law judge, that though a chose in action cannot strictly be assigned, a court of law would take notice of a trust, and consider who is beneficially interested. 1 *T. R.* 621, *Winch* v. *Keeley.* Besides, even admitting that this set-off could not be gone into from the strictness of law, yet a court of equity would grant relief in any case, where there is an equitable without a legal right to set-off. 5 *Vez. jr.* 108, *James* v. *Kynnier.* Equity forms a part of our law; and we should be authorized to extend the remedy in a case like the present.

I am of opinion, that the judgment of the court of Common Pleas of *Cumberland* county should be reversed, and a *venire facias de novo* awarded.

BRACKENRIDGE J. In the lifetime of *Samuel Gray*, in whose right the plaintiff in the original action sues the defendant in that action, the now plaintiff *Murray* had in his *possession as his property* a certain single bill under the hand and seal of the said *Samuel Gray.* This I take to be the single criterion necessary to intitle to set-off, *the having a property* in a demand originally owing to one's self or accruing in right of another, and its being between the same persons or their representatives by whom and against whom the demand on either side may be made.

An exception is stated of a debt due to the husband in right of his wife as that which cannot be set off in an action against him on his own bond; and also of a debt of his wife's *dum sola*, which cannot be set off against a claim made by the husband alone, unless after marriage he makes the debt his own. I cannot see the reason of this; and therefore I deny it to be law. The husband has a property in the debt due to the wife though of a special nature, so that unless he reduces it to an absolute ownership, it will survive to the wife; but he may reduce it, and if he choose to exercise an ownership over it by a set-off, what can hinder him? Where he is liable as the husband for the debt of the wife, what hinders to set off such demand against any claim on his part? It prevents multiplicity of

action, it involves no inconvenience, and is a construction according to the spirit and intention of the statute of defalcation or set-off. If *British* judges narrow the construction of their act, it is no reason that we should narrow ours, which is in terms more extensive. But it is not necessary to be more extensive than even the *British*, in my opinion, to justify the set-off in the case of the wife's debt, or demand. There would seem to be in the *Law Tracts, Buller's N. P.* and *Montague on Set-offs*, a reference to some post-revolutionary cases to the contrary; but these are *Nisi Prius* cases; and if they were bench cases they would not be conclusive. Decision is but evidence of principle; and the appearing to be against reason must weaken this evidence. So that I do not see that even this exception ought to be considered as existing in the way of the general principle of the right of set-off, where an interest exists in the thing set off that would intitle the party to recover whether directly in his own name, or in the name of another for his use. On these grounds I am clear the set-off ought to have been allowed, and that the judgment ought to be reversed.