## Singerly *versus* Fox.

1. A receiver has no legal title to the assets of the estate and cannot maintain trover for them without leave of the court, except after they have actually passed into his possession.

2. By leave of the court a receiver of a firm which was lessee, sold goods on the premises to the landlord; in an action for the price by the receiver the landlord could not set off rent due him.

3. The receiver could maintain the suit in his own name without the order of the court.

4. The landlord had no right to have his rent from the proceeds of sale, as in case of an execution under the Act of June 13th 1836, sects. 83, 84.

5. Yeager *v.* Wallace, 8 Wright 294, recognised.

January 12th 1874. Before AGNEW, C. J., MERCUR and GORDON, JJ. SHARSWOOD, J., at Nisi Prius.

Error to the District Court of *Philadelphia:* No. 219, of January Term 1874.

This was an action of assumpsit, commenced March 8th 1870, by Mahlon Fox against Joseph Singerly.

The cause of action arose under the following circumstances: The firm of Grim & Brother being engaged in brickmaking in Philadelphia, and being the lessee of the brick-yard from the defendant; Peter Grim, one of the partners, filed a bill in equity against his copartners, and the plaintiff was appointed receiver. Under an order of court, the plaintiff as receiver sold the personal property of the firm at public sale on the premises. The defend-

[Singerly v. Fox.]

ant was the purchaser of goods to the amount of $579.80. On demand of payment, he declined to pay, claiming to apply the purchase-money in discharge of rent, which he alleged was due to him for the yard.

The receiver then brought this action to recover the price of the goods.

On the trial, October 3d 1871, before Stroud, J., after the above stated facts were given in evidence by the plaintiff, the defendant offered to prove, " that at the time of this sale an amount of rent was due by Messrs. Grim, parties to the equity suit, to defendant, for the year then past, greater than the goods sold for."

The court rejected the offer and sealed a bill of exceptions.

The court reserved the following questions :—

" 1. Whether the plaintiff can sue without an order of the court which appointed him ?

" 2. Whether the plaintiff can maintain this suit in his own name ?"

And charged the jury :—

" The questions here are questions of law. You will find for the plaintiff for the entire amount of the property bought by the defendant."

The jury found for the plaintiff for $639.18, and judgment was afterwards entered on the verdict for the plaintiff on the reserved points.

The defendant took a writ of error, and assigned for error the rejection of his offer of evidence and entering judgment on the reserved points.

J. H. Gendell and E. S. Miller, for plaintiff in error.—A receiver is not at liberty to bring or to defend actions; or to let the estate; or to lay out money, unless by special leave of the court: 2 Story's Eq. Jur., § 833, a. No title is vested in him. The court itself has the care of property in dispute : Edwards on Receivers 4; Kerr on Receivers 132. An agent selling the goods of his principal in his name and as his agent, cannot ordinarily sue on the contract as for goods sold and delivered: Story on Agency, § 391; Yeager v. Wallace, 8 Wright 294. In a proper case there may be a set-off against a receiver: Waterman on Set-off 192, 456; Receivers v. The Patterson Gas Light Co., 3 Zabriskie 283. The Act of 16th June 1836, §§ 83–4, Pamph. L. 777, 1 Br. Purd. 438–9, pl. 47–8, is applicable to this case. The goods being in the custody of the law, the landlord was as in the case of an execution and could not distrain. The receiver being a mere custodian of the property, and the sale having been ordered by the court, not only the possession, but the sale itself is that of the court: 2 Story's Eq. Jur., § 829; Edwards on Receivers 6. In the Estate of Appold, a bankrupt, 6 Phila. R. 469, the District

Court of the United States for the Eastern District of Pennsylvania ordered rent to be paid out of the proceeds of the sale of the goods of the estate on the premises : In re Wynne, 4 Bankr. R. 5, cited in 7 Phila. R. 611.

*S. N. Rich*, for defendant in error.—Where the cause of action arises after the appointment of the receiver, he may sue in his own name : Pitt *v.* Snowdon, 3 Atkins 750 ; Story on Agency, sect. 391.    The action should be in the name of him who has the legal interest : 1 Chitty's Pl. 2–6 ; Wilmarth *v.* Mountford, 8 S. & R. 124 ; Kline *v.* Guthart, 2 Penna. R. 490 ; Receivers *v.* Paterson Gas Light Co., 3 Zabriskie 283.    Debts to be set off must be in the same right : Stuart *v.* Commonwealth, 8 Watts 75 ; Darroch *v.* Hays, 2 Yeates 208 ; Wolfersberger *v.* Bucher, 10 S. & R. 10 ; Coffman *v.* Hampton, 2 W. & S. 377.    Rent is a lien only after distress ; a distress cannot be made on goods in the hands of a receiver without leave of the court : Nock *v.* Gibson, 7 Paige 513.

The opinion of the court was delivered, January 19th 1874, by GORDON, J.—It is no doubt law that a receiver has no legal title in the assets which he is appointed to collect, and that without authority from the court he cannot maintain trover where they have been wrongfully converted previously to his possession : Yeager *v.* Wallace, 8 Wright 294.    But where the goods have actually come into his possession it can hardly be contended that he could not maintain this action against one who wrongfully invaded such possession and converted the goods committed to his care.    Were such not the case he would not rise to the dignity and power of the most ordinary bailee.    He would be the merest automaton that ever sprang from a legal workshop.    In the case in hand, the goods were in the possession of the receiver and were sold by him by virtue of the power conferred upon him by the court for that purpose.    The contract of sale was with him ; his receipt for the money to the purchaser would have been good to discharge him from the price of the goods ; and for them or their price he is responsible.    We are of opinion, therefore, that the receiver might maintain this suit in his own name, and that so far the ruling of the court below is right.

With reference to the set-off, which Singerly desired to set up against the price of the goods which he bought at the receiver's sale, we are equally clear.    The court took charge of the partnership of Grim & Bros. on bill filed by one of the partners.    In cases of this kind the firm assets pass into the custody of the court to await settlement between the partners.    They must pass into the hands of a master for distribution.    Primarily the debts of the firm are to be paid from its assets.    If the firm is solvent then those debts will be fully paid ; if not, then pro rata.    Now, if each cred-

·[Singerly v. Fox.]

itor be allowed to purchase goods at the receiver's sale, and pay for them by a set-off, we can readily see how, at least this part of the proceedings of a court of equity might degenerate from a regular and orderly process to a mere scramble for the debtor's goods. We can further see, that if the partnership prove insolvent, one creditor may get his whole claim, and another nothing. It is obvious, therefore, that the rule claimed by the defendant below would be pregnant with disorder, and would introduce uncertainty and irregularity, where the contrary is of supereminent importance. We cannot, therefore, consent to sanction such a rule.

We may say, in conclusion, that it is a mistake to suppose that the defendant had a lien upon the goods by virtue of his lease. The Act of Assembly requires the sheriff to pay out of the proceeds of his levy and sale of the tenants' goods to the landlord a sum not exceeding one year's rent, but this is by virtue of the directions of the act in that special case, and not because of any lien. This act is no doubt based upon the idea that it would be inequitable to take from the landlord that which he regarded as his security for his rent, and which he might at any time seize by virtue of his warrant. But in this case there is no such equitable consideration in Singerly's favor, inasmuch as he stands upon the same footing as other creditors of the firm and will share the proceeds with them.

Judgment affirmed.