## Jordan *et al.*, Assignees, *versus* Sharlock.

1. In a suit by assignees under a voluntary assignment for the benefit of creditors, upon a note to the assignor which did not fall due until after the assignment, the creditor may set off a debt due to him by the assignor at the time of the assignment.

2. S. made his note for $350, June 13th 1876, at ninety days, which the bank discounted and held on and before the maturity of the note. S. had a running account of deposits in the bank before and during the running of this note, on which there was a balance due him on September 6th 1876, of $395.50. The bank made a voluntary assignment for the benefit of creditors on the 7th of September 1876. In a suit by the assignees upon the note. *Held*, that S. had the right to set off the deposit against the note.

3. Bosler *v*: The Exchange Bank, 6 Barr 32, distinguished.

May 22d 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.

Error to the Court of Common Pleas of *Dauphin county*: Of May Term 1877, No. 102.

Amicable action by Francis Jordan and George W. Porter, assignees of the City Bank, against Martin Sharlock, in which the following case was stated for the opinion of the court:—

"1. That the defendant had a running account of deposits in said City Bank, from 22d November 1875 to 6th September 1876, on which, at said last-mentioned date, there was a balance due to said defendant of $395.50.

"2. That on the 13th day of June 1876 said defendant made, and had discounted at said bank, the following note, viz. :—

"'$350.00. Baldwin, June 13th 1876.

"'Ninety days after date I promise to pay to the order of Samuel Witmer, three hundred and fifty dollars, at City Bank of Harrisburg, without defalcation, for value received.

"'S. WITMER. (Signed) MARTIN SHARLOCK.'

"3. That on the 7th of September 1876 the City Bank made an assignment of all its property and effects, including said note, to the plaintiff, in trust for the payment of debts, and said assignment was duly acknowledged and recorded the same day.

"4. That said note was duly endorsed on the day of its date,

[Jordan *v.* Sharlock.]

by said Samuel Witmer; and on its maturity, on the 14th day of September 1876, was duly protested for non-payment, the plaintiff refusing to allow the defendant a set-off, as claimed by him, for said deposit of $390.50, or any part thereof, in payment of said note, the assets of said bank being insufficient to pay the debts.

"5. If, under these facts, the plaintiff is entitled to recover, then judgment to be entered for the plaintiff for said sum of $350, with interest thereon from the said 14th September 1876, with $2.10 costs of protest; and if the said plaintiff be not entitled to recover, then judgment for said defendant for the sum of $45.50, with interest thereon from said 14th September 1876."

The court, Henderson, A. L. J., delivered an opinion, *inter alia,* saying:—

"It is held in general, in this country, that when the consideration on which the debts in question were based, respectively, is mutual, the period at which they become due is immaterial. The better opinion would seem to be, that demands which were mutual in the lifetime of the parties may be set-off after their death, though not due when it happened, if they become due before action brought. And where the estate is insolvent—where, after suit is commenced by the administrator, the estate of his intestate is represented insolvent, the defendant may set off a note against the intestate which falls due pending the suit, though not due and payable when the action was commenced. And, again, where an estate is represented insolvent, all mutual demands of every nature and kind are to be set of, and the balance only is the debt due to the estate. In case of an insolvent estate, as there must be a final settlement of all demands, it follows as a necessary consequence that a *debitum in presenti,* although not a debt due, is within the principle and may be set off: Bigelow *v.* Folger, 2 Metcalf 255. This may go further and seem inconsistent with the principle enunciated in Bosler *v.* Exchange Bank; but when we consider that insolvency is the shifting factor that disturbs the equilibrium of these cases, and that considerations of public policy enter into the solution of the cases in which 'the debt' is a deposit in bank, we are constrained to think that the spirit and reason of the Pennsylvania decisions are in accord with the general doctrine stated above: Murray *v.* Williamson, 3 Binn. 135; Stuart *v.* The Commonwealth, 8 Watts 74; Cramond *v.* Bank of the United States, 1 Binn. 64."

The court directed judgment to be entered in favor of the defendant, and the plaintiff took this writ, assigning this entry of judgment for error.

*Hall & Jordan,* for plaintiff in error.—The right to set off the deposit in payment of the note would have existed had the note been due prior to the date of the assignment, but not being then due the right is denied. The assignment was a legal transfer of

[Jordan *v.* Sharlock.]

the insolvent's property, including the note in question, in trust for the payment of debts, just as the death of an insolvent debtor works a legal transfer of his personal estate in trust for the benefit of the creditors of such decedent.

This case is ruled by Bosler *v.* Exchange Bank, 4 Barr 32, and the appeal of the Farmers' and Mechanics' Bank, 12 Wright 57, and the principle of these cases is supported by Poorman *v.* Goswiler, 2 Watts 69, Beeler *v.* Turnpike Co., 2 Harris 162, and Singerly *v.* Fox, 25 P. F. Smith 112.

*John H. Weiss*, for defendant in error.—The assignee is the mere representative of the debtor and is bound where the latter would be bound. He is the mere hand of the assignor in the distribution of the fund and not the representative of the creditors: In re Fulton's Estate, 1 P. F. Smith 211. The assignees succeeded only to the rights and equities of the assignor, and as the defendant can set off this debt as against the assignor he can as against the assignees.

Chief Justice AGNEW delivered the opinion of the court, June 4th 1878.

In re Fulton's Estate. 1 P. F. Smith 211, it is said : " Perhaps nothing is better settled in this state by uniform and numerous decisions than this, that a voluntary assignee is the mere representative of the debtor, enjoying his rights only and no others; and is bound where he would be bound ; that he is not the representative of the creditors, and is not clothed with their powers ; that he is but a volunteer and not a bona fide purchaser for value." Many cases are cited for these propositions. Martin Sharlock made his note of $350, June 13th 1876, at ninety days, which the City Bank discounted and held on and before the maturity of the note. He had a running account of deposits in the bank before and during the running of the note, in which there was a balance due him September 6th 1876, of $395.50, the bank then being the holder of the note. The bank made a voluntary assignment for the benefit of creditors on the 7th of September 1876. When the note passed by this assignment to the assignees, Sharlock was the creditor of the bank and had an immediate right of action against it. The assignees being the mere representatives of the bank and not purchasers for value took the note subject to his right of set-off. It is clear according to the authorities, that the bank conferred upon the voluntary assignees no right greater than their own, which was a right of action when the note fell due subject to the existing set-off.

Bosler *v.* The Exchange Bank, 4 Barr 32, and its sequents, were decided on a widely different principle. When Bosler died the bank had no debt due for which it could sue ; while Bosler's right

[Jordan *v.* Sharlock.]

of action was perfect before his death. But at the moment of his death the law took possession of his estate for the benefit of his creditors, he being insolvent. It was not the case of a mere voluntary transfer; but new rights sprung into being, on the instant of his death. At his death the debts did not *ipso facto* cancel each other, for the reason that the bank had no immediate right of action. Consequently when the estate by operation of law passed into legal administration, and was in *gremio legis*, the rights of creditors immediately attached, and the estate being insolvent, equity demanded equality among the creditors of the same class. Hence the right of the bank as a creditor was to a *pro rata* only. But a voluntary assignment has no such effect. It does not alter the status of the rights of the creditors, as death does of the decedent's estate. It is true the duties and obligations of the assignees are regulated by law, but the transmission of the estate to them is the merely voluntary act of the debtor, who cannot impair the rights of creditors which had attached before his act. We discover no error in the record and the judgment is affirmed.