## Kuebler *v.* Haines, Appellant.

*Receivers—Suits by—Defenses—Set-off.*

1. In an action by a receiver of a corporation to recover the price of goods delivered, before the receiver was appointed, in part performance of a contract of sale made by the corporation with the defendant, the defendant may set up a counterclaim for damages alleged to have been sustained by reason of the failure of the corporation to furnish him the balance of the goods contracted for.

2. In such a case no certificate can be returned in favor of the defendant as the basis of a judgment against the receiver; but if he can succeed in proving damages equal to the amount of the claim for which he is sued, he will be entitled to a general verdict in his favor, and if the jury shall find that his damages exceed the claim made against him, the judgment on the verdict will still be only for the defendant, leaving him his right to present as a claim against the corporation, on the distribution of the proceeds of its assets, the sum found to be due him from it.

3. In an action by a receiver of a corporation for goods sold and delivered by the corporation before the receiver was appointed, the defendant may offer proof of damages he had sustained by failure of the corporation to deliver other goods to him, although he has made no demand for the delivery of such goods before the receiver was appointed, if it appears that before the appointment of the receiver, he wrote to the corporation inquiring about the time of delivery, and had received a letter stating when the goods would be delivered. Under such circumstances the defendant had a right to rely on the letter, and he was under no duty to make any formal demand for delivery.

Argued March 8, 1910.   Appeal, No. 339, Jan. T., 1909, by defendant, from judgment of C. P. Northampton Co., Dec. T., 1907, No. 7, on verdict for plaintiff in

case of W. J. Kuebler, Receiver of Sterlingworth Railway Supply Company, v. Harry B. Haines, defendant, and Pennsylvania Brake-Beam Company, garnishee. Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Foreign attachment on assumpsit for goods sold and delivered. Before SCOTT, P. J.

At the trial the court refused under objection and exception to permit the defendant to offer proof of damage sustained by him by reason of the failure of the Sterlingworth Railway Supply Company to deliver to him (balance of) goods for which he had contracted. [1, 2]

The court gave binding instructions to find for the plaintiff for the full amount of the claim.

Verdict and judgment for plaintiff for $2,920.48. Defendant appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions, and (3) above instructions.

*Edward J. Fox*, with him *James W. Fox*, for appellant.— No demand was necessary under the circumstances: Fessler v. Love & Powell, 43 Pa. 313; Barr v. Myers, 3 W. & S. 295.

The defendant was entitled to set-off: Central Appalachian Co. v. Buchanan, 90 Fed. Repr. 454; Scott v. Armstrong, 146 U. S. 499 (13 Sup. Ct. Repr. 148); Farmers' Deposit Nat. Bank v. Penn Bank, 123 Pa. 283; Meeder v. Goehring, 23 Pa. Superior Ct. 457; Barclay v. Edlis Barber Supply Co., 39 Pa. Superior Ct. 482; Halfpenny v. Bell, 82 Pa. 128; Lierz v. Morris, 19 Pa. Superior Ct. 73; North German Lloyd Steamship Co. v. Wood, 18 Pa Superior Ct. 488; Wanamaker v. Quinn, 27 Pa. Superior Ct. 288.

*F. W. Edgar*, for appellee.—Ordinarily when the debt or demand sought to be set off against the receiver of a

corporation arises out of some transaction or right other than that sued upon, it is not to be allowed as a set-off: Singerly v. Fox, 75 Pa. 112.

OPINION BY MR. JUSTICE BROWN, October 17, 1910:

On September 22, 1906, H. B. Haines, the appellant, telegraphed the Sterlingworth Railway Supply Company that he would contract with it, at a price stated, for 1,200 gross tons of rolled steel castings—200 tons to be delivered promptly, with the privilege of 500 additional tons for future delivery. On the 25th of the same month the president of the company wrote him that his proposition had been accepted and asked that specifications be promptly sent. These were sent to the company on October 1, and on the 5th their receipt was acknowledged in a letter in which the company stated that it had accepted the entire contract, as follows: "200 gross tons ovals, prompt delivery; 1,000 gross tons various rolled shapes: option of 500 gross tons additional for future delivery." In reply to a letter written by the appellant on October 12, asking about the delivery of the 1,000 tons, the company replied that they would be delivered during the months of November, December and January, and that the option for the additional 500 tons could be exercised up to February 1, 1907. Of the 1,200 tons which the company contracted to furnish and deliver to the appellant he received but 430 up to February 12, 1907, when, on a bill alleging irreconcilable differences among the directors and executive officers of the company in the management and administration of its affairs, the appellee was appointed receiver. At the time of his appointment no question was raised as to the solvency of the corporation, nor did any such question arise until fifteen months afterwards, when it was adjudged a bankrupt and F. W. Coolbaugh, its former president, was appointed receiver by the United States district court. In November, 1907, this proceeding was instituted by W. J. Kuebler, the receiver appointed by the court be-

low, to recover the balance alleged to be due for the 470 tons of castings which had been delivered to the appellant. In his answer or affidavit of defense he set up a counterclaim for damages which he alleges he sustained by reason of the failure of the company to furnish him the castings in accordance with the terms of its contract with him, and on the trial he made an offer to prove them, but the offer was disallowed on the ground that, in this action by the receiver, he could not set them off, and the narrow question raised on this appeal is whether he ought to be allowed to do so.

One of the reasons given by the learned trial judge for declining to allow the appellant to offer any proof of the damages he had sustained by the failure of the Sterlingworth Railway Supply Company to perform its contract with him was that he had made no demand for the delivery of the castings before the receiver was appointed. In the company's letter of October 5, 1906, to the appellant, he was formally notified that his contract had been entered upon its books and that the castings were to be delivered at the contract price on the cars at the company's works in Easton. Replying to this a week later, he asked about the time of delivery, as he wished this matter to be understood between them. In answer to this the president of the company wrote that the 1,000 tons would be delivered during the months of November, December and January. Upon this answer, made at his request to know when the goods were to be delivered, the appellant had a right to rely, and he was under no duty, under the circumstances, to make any formal demand for delivery. The company's contract relieved him from making it: Fessler *v.* Love & Powell, 43 Pa. 313. But, conceding that the duty was upon him to make demand for delivery in accordance with the written promise to him, the jury could well have found that a demand had been made, for in December, 1906, after having been embarrassed by the failure of the company to deliver, he sent a representative to its president to request delivery,

and the promise of that officer was that the material would be delivered "right away." This promise was unfulfilled.

The court below was, however, apparently of opinion that, even if a demand for the delivery of the goods had been made and refused before the appointment of the receiver, the appellant could not, in this action by that officer, set off his damages resulting from the failure of the company to perform its contract with him, and Singerly v. Fox, 75 Pa. 112, was cited as an authority for overruling the defendant's offer. That case bears no analogy to the one before us. There the receiver of a firm made sale of its goods which had come into his possession. The contract upon which he brought his suit was between him and one who had purchased some of the goods. He was not attempting to enforce any claim that the partnership had against the purchaser, and the latter was, of course, not permitted to set off against what he had promised to pay to the receiver for goods purchased from him as the officer of the court a claim for rent which he held against the firm at the time of the appointment of the receiver. The claim of the receiver was against the defendant on a contract between them alone, and the defendant's offer was to set off a claim on a contract between him and the partnership. A very different situation is here presented. This receiver seeks to recover, not on a claim arising on a contract with him, but on one which arose from a contract between the corporation and the appellant for goods sold and delivered to him before the receiver was appointed. The contract upon which the receiver sues is the one upon which the defendant below relies for his set-off. It was not made with the receiver, but with the corporation before he was appointed, and he is bound to respect it as fully as the company would be if he had not been appointed. He acquired no greater rights under it than the corporation itself possessed, and the chose in action which passed to him is enforcible by him only as it could have been en-

forced by the corporation at the time of his appointment. He took it subject to the defendant's equitable right of set-off which existed at the time of his appointment as receiver: Alderson on Receivers, sec. 187; Farmers' Deposit National Bank v. Penn Bank, 123 Pa. 283; Barclay v. Edlis Barber Supply Co., 39 Pa. Superior Ct. 482.

Another reason apparently in the mind of the court in overruling the offer of the defendant to set off his damages was that, if he were permitted to do so, there might be a certificate in his favor against the receiver, with whom he had no contract and against whom he had no claim. It is undoubtedly true that against the plaintiff as receiver the defendant has no claim, and no certificate could be returned in his favor as the basis of a judgment against the receiver; but if he can succeed in proving damages equal to the amount of the claim for which he is sued, he will be entitled to a general verdict in his favor, and, if the jury should find that his damages exceed the claim made against him, the judgment on the verdict would still be only for the defendant, leaving him his right to present as a claim against the corporation, on the distribution of the proceeds of its assets, the sum found to be due him from it. That opportunity may be given to him to prove his damages, if he has sustained any, so much of the first assignment of error as complains of the court's ruling, that in this proceeding he cannot set them off against plaintiff's claim, is sustained, and the judgment is reversed with a venire facias de novo.