## BUTTERWORTH v. DEGNON CONSTRUCTION CO.

(District Court, S. D. New York. October 27, 1913.)

1. RECEIVERS (§ 90*)—CONTRACTS—PERFORMANCE.

A receiver appointed for an insolvent is not bound to assume and perform contracts of his insolvent, but may do so, if favorable to the estate, and elect not to do so, if unfavorable, and is entitled to a reasonable time to determine such question.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 164–166; Dec. Dig. § 90.*]

2. RECEIVERS (§ 171*)—CONTRACTS—PERFORMANCE IN PART—DAMAGES.

Where a receiver, on being appointed to take charge of the assets of a transportation company, found a contract between the company and defendant for the carriage and delivery of a large quantity of stone, and proceeded to transport and deliver a portion of the stone in accordance with the terms of the contract, in order to ascertain whether he would assume and fulfill the same as beneficial to the estate, and, becoming convinced that the contract was unprofitable, elected to reject it, defendant was entitled to set off damages growing out of the nonperformance of the contract against the receiver's claim for services rendered by him.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 325; Dec. Dig. § 171.*]

At Law. Action by Frank S. Butterworth, as receiver of the Gilbert Transportation Company, against the Degnon Construction Company. On motion by both parties at the close of the evidence for a directed verdict. Verdict for defendant.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Walter G.. Merritt, of New York City, for plaintiff.
Herman Aaron, of New York City, for defendant.

HOUGH, District Judge.   Gilbert Transportation Company had a contract with defendant for the carriage and delivery of a large quantity of stone.   The performance of this contract would have extended over a long time.   Before any considerable fraction of the work had been done, the transportation company became insolvent, and Mr. Butterworth was duly appointed receiver.

He was cautious, if not warned, regarding this contract, and never assumed it, but did proceed to transport and deliver a certain quantity of stone, in accordance with its terms, in order to ascertain whether he would assume and fulfill the same.   He shortly became convinced that the contract was unprofitable, could never be of any benefit to the estate in his charge, and rejected it.   Of such rejection he notified defendant, which has proven damages growing out of nonperformance of contract far exceeding the worth at contract prices of the services rendered by the receiver.   It is for the value of such services that this suit is brought.

[1]  No one doubts that a receiver is not saddled with the contract of his insolvent or bankrupt, except by choice, nor that he can take a reasonable time for investigation before choosing, nor that (choice once made) the selected contract becomes the receiver's, or the court's, in the sense that a receiver is an officer of the court.   But from these postulates plaintiff draws the inference that his right of recovery for work done while considering whether to assume or reject the contract is not governed by the contract and bears no relation to it.   Indeed, such labors constitute an independent cause of action, accruing to the receiver alone, and one not to be defeated by any damages growing out of rejection and nonperformance.

[2]  This ingenious position suggests as a first inquiry:   By what right did the receiver do any work at all for this defendant?   Evidently by right of the contract, for admittedly no new agreement was ever made.   But if one does the work of a contractor only by virtue of a written contractual agreement, why is he not bound by that writing, at least as long as he works?   To this plaintiff replies that, since he had the right to reject, such right includes the privilege of avoiding damages for breach, which are, indeed, no more than an obligation to perform, measured in money.   If there is no obligation to perform, how can there be damages for nonperformance?   The question is no harder to answer than that insisted on by defendant:   How can there be a recovery under a contract without performance, and without any breach by defendant?

The matter is probably a deadlock until recourse is had to equitable principles, by which the rights and duties of receivers are governed; and here, I apprehend, equity means especially justice and common sense.   A receiver is permitted to experiment with a contract before assuming it, only because experience shows investigation and reflection to be usually for the benefit of the estate in charge.   But if the receiver's acts are for the benefit of the estate, who shall pay for them?

Evidently the estate, and not the party losing the benefit of the rejected agreement.

It is the whole contract, and not merely a selected portion thereof, which can be assumed. The receiver can take or leave, but he must act in regard to the whole. If it were otherwise, a contractor in default under many forms of contract has but to suffer a receivership and thereby enable his general creditors to collect the price for (possibly) nearly all the work to be done, if the receiver rejects before completion. This is singularly unjust, and it is not to be presumed that any court of equity would permit such conduct.

It is (I think) because the basis of this plaintiff's claim is so easily capable of abuse that little applicable case law can be found. It is not doubted that, where a debt is due "for a sale made by a receiver, the receiver is a party to the contract of sale, and his action is not subject to equities against the insolvent by way of set-off. But this is not inconsistent with the existence of such right of set-off when the receiver sues not on his own sale alone, but for the value of goods delivered in part performance of his insolvent's contract." Kuebler v. Haines, 229 Pa. 274, 78 Atl. 141. Still more obvious is the result where the contract (as here) is for services, and Parsons v. Sovereign Bank, 107 L. T. Rep. 572, is decisive.

Verdict directed for defendant.