Commonwealth, to use, Appellant, *v.* Crow et al.

Argued September 28, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Francis R. Harbison,* for appellant.—The filing of the bond creates a new relation, that is, a contractual instead of a tortious relation, and the remedy consequently changes with the relation leaving defendant without the right to reduce the claim for value of the coal taken as in an action for mesne profits where the sole question is the damages suffered which are subject to reduction by proof of the value of permanent improvements made bona fides: Irvine v. Barrett, 2 Grant 73; Brown v. O'Brien, 3 Clark 93; Byrne v. Boyle, 37 Pa. 261.

The court erred in admitting defendant's testimony to prove the value of alleged permanent improvements made by Crow on the premises and in submitting their value to the jury as a set-off against the claim on the bond: Gleeson's Est., 192 Pa. 279; Morrison v. Robin-

son, 31 Pa. 456; Com. v. Gould, 48 Pa. Superior Ct. 528; Sennett v. Johnson, 9 Pa. 335; Jenkins v. Coal Co., 205 Pa. 166.

*James A. Nugent,* with him *Joseph F. Mayhugh,* for appellees.—In equitable ejectment and in equitable defenses set-up at law to legal titles, the same rule and measure of justice is to be applied, whether the proceeding be at law or in equity, and the court is governed by the same rules as a court of chancery: Sower v. Weaver, 78 Pa. 443; Riel v. Gannon, 161 Pa. 289; Deitzler v. Michler, 37 Pa. 82.

A claim for mesne profits, while a legal action, is susceptible to an equitable defense: Ewalt v. Gray, 6 Watts, 427; Heckart v. Zerbe, 6 Watts 260; Zimmerman v. Eshbach, 15 Pa. 417; Walker v. Humbert, 55 Pa. 407; Kille v. Ege, 82 Pa. 102, 112; Ege v. Kille, 84 Pa. 333; Putnam v. Tyler, 117 Pa. 570; Parks v. Clay Co., 60 Pa. Superior Ct. 567.

OPINION BY MR. JUSTICE SIMPSON, November 26, 1928:

Defendant agreed to buy from use-plaintiff, the appellant here, a tract of land, paid part of the purchase price therefor, entered into immediate possession of it, erected a building and made a number of other permanent improvements on it, and began mining coal from an open mine on the property. It appearing that the Freeport vein of coal, which was supposed to run through the tract, had been previously conveyed to a third party, defendant claimed that a deduction should be made from the balance of the purchase price. Negotiations for a settlement having failed, appellant began an action of ejectment to compel defendant to comply with his agreement, and a few weeks later caused a writ of estrepement to be issued. This writ was dissolved upon defendant giving bond to the Commonwealth, conditioned to indemnify appellant "against any damage or loss by the further working of said [open] mine......or the fur-

ther committing of any waste or strip in the said lands and premises."

By notice duly given, appellant claimed mesne profits up to the time of the trial of the ejectment suit, and defendant pleaded that he had, in good faith, placed permanent improvements on the property in excess of the amount of those profits. On the trial of that case, defendant was not able to show that there was any Freeport coal underlying the tract, and the court thereupon directed the jury to render a conditional verdict in appellant's favor, to be released upon payment of the balance of the purchase price, with interest, within thirty days after final judgment. The question of appellant's right to mesne profits was not taken up, but was expressly reserved for later consideration, and this fact was proved by appellant himself on the trial of the present case.

Within the thirty days after final judgment in the ejectment suit, defendant surrendered possession of the property to appellant, and the latter thereupon brought the present action on the bond given to dissolve the writ of estrepement. Defendant pleaded that the permanent improvements upon the property which he had in good faith made, and the benefit of which appellant received when he retook possession, exceeded the amount claimed. Among these improvements was a building, destroyed by fire about the time appellant recovered possession, as a result of which he received from the fire insurance company a sum nearly equal to the amount of the bond in suit. Defendant recovered a verdict and judgment, and appellant now assigns as error the overruling of his objection to the admission of the evidence referred to, and the refusal of his point for binding instructions and of his motion for judgment non obstante veredicto.

If appellant's claim had been the ordinary one for mesne profits, admittedly the defense interposed would have been proper. The reason this is so where, as here, defendant entered into possession and in good faith

made the improvements for which the set-off is claimed, is that it would be inequitable to allow appellant to have both the improvements and the mesne profits, if his property, when he recovered it back, was of a greater value than the sum of its value when he sold it and the mesne profits claimed and proved: Morrison v. Robinson, 31 Pa. 456; Kille v. Ege, 82 Pa. 102.

The jury having found that he did get his property, back enhanced in value to the extent stated, it is at least as equitable to allow the set-off claimed as it would have been if this were an action for mesne profits. Technically it is more so, for this is an action in assumpsit, and that would have been, in essence, an action of damages for a tort committed. Appellant alleges, however, that the set-off was not admissible as against his claim which arose out of matters occurring after the giving of the bond to dissolve the writ of estrepement. No authority is cited for this contention, and it is, in principle, decided against him in Phillips v. Coast, 130 Pa. 572. There, defendants in good faith drilled an oil well on a property which they supposed they had leased. Plaintiff brought ejectment, and caused a writ of estrepement to be issued, resulting in a receiver being appointed, who took possession of and operated the well. After plaintiff recovered judgment in the ejectment suit, the receiver filed his account, showing the money received by him on a sale of the oil taken from the well after his appointment, and this court sustained defendants' claim that they were entitled to be paid therefrom the sum expended by them in drilling the well.

Appellant further alleges that the set-off claimed cannot be allowed because it is not within the language of our Defalcation Act. Nor need it be, in equitable actions such as this was definitely shown to be by the proceedings and verdict in the ejectment suit: Morgan v. Bank of North America, 8 S. & R. 73; Glennon v. Lebanon Mfg. Co., 140 Pa. 594; Craighead v. Swartz, 219 Pa. 149. In the last cited case, it is said at page 154:

"The set-off allowed by the court in this case was an equitable one, and even if it may not have been technically within our Defalcation Act, it was a good defense in our courts, administering equity under common law proceedings. As to this, it is said in Hibert v. Lang, 165 Pa. 439: 'In general in order to support a set-off there must be cross demands between the same parties and in the same rights, such as would sustain mutual actions against each other, yet......where there is a special equity to be subserved, and no equity of third parties to be injured, a set-off will be allowed upon equitable principles, though the case does not come within the language of the statute.'"

Finally, appellant alleges that the action of the court below was inequitable and should be reversed, because he was not allowed to show the mesne profits to which he became entitled before the date of the bond in suit, whereas defendant was permitted to prove and claim credit for the value of his permanent improvements made long prior thereto. If appellant offered to prove those mense profits, the printed record fails to disclose it; but, whether he did or did not, the point will not be considered by us since the refusal of the proof is not assigned as error; and this is so though the question itself is suggested by the statement of questions involved: Com. ex rel. v. Snyder, 261 Pa. 57.

The judgment of the court below is affirmed.