## Franklin Trust Company of Philadelphia Case.

Argued April 29, 1935.    Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Bernard J. Kelley,* with him *Harry Sloberman, Gerald
F. Flood,* Special Deputy Attorneys General, and *Charles
J. Margiotti,* Attorney General, for appellants.

*Harold B. Beitler,* for appellee.

OPINION BY MR. JUSTICE LINN, May 27, 1935:

Of the three appeals raising the single question presented by this record, we need consider only that of the depositor, Loux. When the receiver took charge of the Franklin Trust Company, October 5, 1931, F. W. Woolworth Company, a corporation, had in its checking account a credit of $51,158.52 and was owner of a certificate of deposit in the sum of $1,000. Woolworth was also a tenant, occupying the thirteenth floor in the bank building with an unexpired term at an annual rent of $20,000, payble in advance in monthly installments, none of which was in arrear. In the lease, "Franklin Trust Company of Philadelphia, Agent," was named as lessor. Woolworth's possession has continued. By agreement, for the purpose of taking care of the situation until the rights and obligations of the parties could be determined, Woolworth has continued to pay rent into a special fund. As this agreement was not brought up with the record, we say nothing about its general effect on the insolvency proceeding. Woolworth has also received dividends on its deposits. At the audit of the receiver's first account, Woolworth asserted the right to set-off its obligation to pay rent against the debt due by the insolvent bank at the time it closed. The learned court below allowed the set-off. Appellant contends that this was wrong; that, as the lessor named in the lease was "Franklin Trust Company of Philadelphia, Agent," it was the duty of the lessee to ascertain the unnamed principal and that, whether or not it did so, it cannot hold the Franklin Trust Company as principal by setting off the deposit against rent.

The Franklin Building Corporation, now said to be the principal, was organized for the purpose of taking title to the building (and other real estate) from, and holding it for, the trust company. The capital stock is owned by the trust company. All Woolworth's dealings were with the trust company. It received bills for rent reading "To Franklin Trust Company, Dr." The value of the building corporation, owned by the trust company, is reflected

in the assets in the receiver's hands for distribution.[1] In those assets the depositor, Woolworth, was entitled to participate to the extent of the debt due by the trust company when it closed.

In dealing with the equitable right of set-off, the court looks through the forms to "determine the real facts and the true intention of the parties": Gordon, Secretary, v. Anthracite Trust Co., 315 Pa. 1, 4, 172 A. 114, and cases there cited; see Thacher's Est., 311 Pa. 278, 166 A. 873; American Radiator Co. v. Modern Utilities Co., 108 Pa. Superior Ct. 96, 164 A. 925. On the one side was the debt payable to the creditor, Woolworth, out of the insolvent's property held by the receiver for distribution; on the other was the lessee's obligation to perform the covenants in the lease. Obligations due an insolvent, maturing after insolvency, may be set off against a debt due by the insolvent at the time of the declaration of insolvency: Jordan v. Sharlock, 84 Pa. 366; Jack v. Klepser, 196 Pa. 187, 46 A. 479.

As the bank owed Woolworth some $50,000 when it closed, and at the same time Woolworth owed performance of its covenants in the lease, the receiver took the deposit subject to performance of the terms of the lease: Kuebler v. Haines, 229 Pa. 274, 78 A. 141. Until they were performed to the extent of the deposit, nothing was due by Woolworth.[2]

No. 265. Order affirmed, costs to be paid out of fund in the hands of the receiver.

No. 266. Appeal of Harr, receiver, dismissed.

No. 267. Appeal of Franklin Building Corporation dismissed.

---

[1] The affairs of the building corporation are being administered by the receiver; the number of directors has been reduced and those remaining are his nominees.

[2] See also Partch v. Boyle, 197 Iowa 1314, 197 N. W. 35.