Harr, Secretary of Banking, *v.* Bankers
Securities Corporation, Appellant.

Argued October 13, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-
FELD, PARKER, JAMES and RHODES, JJ.

*Stanley Folz,* of *Sundheim, Folz & Sundheim,* with
him *Morton P. Rome,* for appellant.

*Bernard J. Kelley,* with him *Horace M. Barba,* Special Deputy Attorneys General, and *Charles J. Margiotti,* Attorney General, for appellee.

OPINION BY PARKER, J., January 27, 1938:

This appeal presents not only a novel but an interesting legal question. Has a corporation, a depositor in a closed bank, a right of set off, by reason of such deposit, in a suit by the receiver of the closed bank to recover dividends declared by the corporate depositor after the closing of the bank on cumulative preferred stock of the corporation owned by the bank when it closed and retained by it thereafter?

The receiver of The Franklin Trust Company of Philadelphia, seeking recovery of a dividend payable in December, 1936, brought an action against the Bankers Securities Corporation and filed a statement of claim. The defendant, in an affidavit of defense, admitted the facts alleged in plaintiff's statement, but by way of new matter claimed the right to set off its deposit in the Franklin Trust Company. Plaintiff filed a reply to defendant's new matter raising questions of law and moved for judgment for want of a sufficient affidavit of defense. The court below sustained plaintiff's answer to new matter raising questions of law and made absolute a rule for judgment in favor of the plaintiff for want of a sufficient affidavit of defense. The facts essential to a determination of the legal question involved are set forth in that portion of the affidavit of defense which contains new matter and are assumed to be as therein stated.

The Franklin Trust Company of Philadelphia closed its doors on October 6, 1931 and the Secretary of Banking became its receiver. At the time of closing the Franklin Trust Company owned 2,000 shares of cumulative participating 6% preferred stock of the Bankers Securities Corporation, and the Securities Corporation had on deposit with Franklin Trust Company $24,819.93. This

amount was reduced by distribution by the receiver. At that time two quarterly dividends of seventy-five cents per share upon this preferred stock had been passed. No dividends were declared from March, 1931 until December, 1936, when the accumulated unpaid dividends exceeded $17 per share. On December 19, 1936 a dividend of $1 per share was declared by defendant corporation payable December 23, 1936. The receiver having retained the stock brought this action on February 15, 1937 to recover $2,000, the amount of that dividend. The defendant admits the declaration of the dividend, but claims the right to set off a portion of its deposit in the Trust Company against plaintiff's claim.

The holders of this class of preferred stock were entitled "to receive when, as and if declared by the Board of Directors of the Corporation, out of the net profits or surplus of the Corporation, cumulative dividends from the date of issue thereof, at the rate of six percentum (6%) per annum, payable on such dates as may be determined by the Board of Directors, before any dividend shall be declared or paid upon or set apart for the Common Stock." The holders of common stock were then entitled to receive, when earned and declared by the directors, six per cent per annum on the par value of their stock, after which the board of directors might distribute earnings at their discretion to preferred and common stockholders, three-fifths to the holders of preferred stock as a class and two-fifths to the holders of common stock as a class. In the event of liquidation or dissolution of the corporation, holders of preferred stock were entitled to first receive $60 per share and accumulated dividends, after which the holders of common stock were to receive $60 per share with unpaid dividends, and the balance was to be distributed in the proportion of three-fifths to the preferred stock and two-fifths to the common stock.

Where both parties to a controversy are solvent the

right of set off has merely procedural importance. Here the bank is insolvent and its assets are in the hands of a receiver for distribution so that the substantive rights of the defendant and of the Franklin Trust Company's other creditors are vitally affected; the ordinary rules are modified accordingly. The Defalcation Act of 1705, 1 Sm. L. 49 (12 PS 601) allows a set off "if two or more dealing together be indebted to each other upon bonds, bills, bargains, promises, accounts, or the like." The broader equitable principles of set off are available to defendants in actions both at law and in equity and "where there is a special equity to be subserved, and no equity of third parties to be injured, a set off will be allowed upon equitable principles, though the case does not come within the language of the statute": *Hibert v. Lang,* 165 Pa. 439, 442, 30 A. 1004. Also see *Frantz v. Brown,* 1 P. & W. 257, 261; *Murray v. Williamson,* 3 Binn. 135; *Com. v. Crow,* 294 Pa. 286, 144 A. 135; *American Radiator Co. v. Modern Utilities,* 108 Pa. Superior Ct. 96, 164 A. 925.

It is well settled that where a stockholder is solvent, a corporation may set off the stockholder's matured indebtedness to it against its liability to him for a dividend declared and payable upon his stock in the corporation. "As a dividend when declared becomes so much money owing by the corporation to the stockholder, if the stockholder is at the time indebted to the corporation, the latter may apply the dividend in liquidation of the debt": 14 C. J. 826, §1250. Also to the same effect: 7 R. C. L. 295, §271; 2 Cook on Corporations (8th Ed.) §§526-544; 11 Fletcher Cyc. Corporation §5374; 7 Thompson on Corporations §5848; *Sargent v. Franklin Ins. Co.,* 25 Mass. 90; *Phila., W., & B. R. R. Co. v. Cowell,* 28 Pa. 329.

It is thus clear that if the bank, while solvent, had sued for this dividend the defendant could have set off its deposit with the bank against the dividend then due.

We have here a factual situation where the bank is insolvent and it is necessary to consider the effect of such intervening insolvency. The assets of the trust company have now passed into the hands of a receiver who is representing a host of creditors. "After the estate has passed to an assignee [receiver] upon a trust to hold for and to distribute among creditors, the former and natural equity [in favor of the depositor] disappears in superior equities vesting in the general body of creditors. They are then interested in having equality of distribution, and if a creditor who, when the assignment was made, had no right to any offset, may be allowed it afterward, he gains a preference": *Fera v. Wickham,* 135 N. Y. 223.

In approaching the prime question here involved and in fact in investigating any problems dealing with that branch of the law of set off which concerns situations where one of the parties to a suit is insolvent or represents an insolvent, there is a well settled principle which must be kept in mind. A failure to comprehend the rule has led to frequent errors. In the case of *Anthracite Trust Co., Mears' Appeal,* 319 Pa. 113, 116, 179 A. 245, Mr. Justice LINN speaking for the Supreme Court thus stated that principle: "It has long been settled that 'a party whose debt is not due, has no equitable claim to have it set off against a debt of his own already due, in the hands of a party' whose insolvency is declared, 'for all creditors have the right to share equally in the assets.' On the other hand, a party whose claim has matured when insolvency is declared, may set it off against his own obligation to the insolvent, maturing after an assignment for creditors, or after the insolvent's death. Joint claimants may agree that separate claims against them may be set off."

The deposit of the Securities Corporation with the Franklin Trust Company, the insolvent, was a matured obligation when insolvency was declared. Demand is

not necessary to mature the deposit where the bank has become insolvent: *Scott v. Armstrong,* 146 U. S. 499, 13 S. Ct. 148. The claim of the Securities Corporation is therefore within the terms of the ruling requiring it to be matured. Our inquiry is then limited to an examination of the nature of plaintiff's claim—right to receive the dividend—with a view to ascertaining whether the claim of the plaintiff is one to which the set off is applicable and to ascertaining whether it would be equitable to allow such set off. The ultimate question is whether the equities of the creditors of the Franklin Trust Company or those of the Securities Corporation are superior.

What is the relationship between the plaintiff, a holder of preferred stock in the defendant corporation, and the defendant with respect to the right to receive earned dividends when, if and as declared? The appellant contends that a contractual relationship existed at the time of the insolvency of the Franklin Trust Company between it as a stockholder and the defendant corporation, which relationship, it says, has continued and has now resulted in the defendant being indebted to the plaintiff for a dividend. It is urged that a contingent right to receive dividends has now ripened into a matured obligation. In support of its claim the Securities Corporation relies upon a line of cases where depositors in closed banks have been allowed the right of set off against obligations of the depositor to the bank existing but not due when insolvency was declared.

It has been held that a depositor in an insolvent bank may set off his deposit against his note held by the bank at the time of insolvency, but not yet due *(Jordan v. Sharlock,* 84 Pa. 366; *Skiles v. Houston,* 110 Pa. 254, 2 A. 30; *Jack v. Klepser,* 196 Pa. 187, 46 A. 479; *Gordon v. Anthracite Trust Company,* 315 Pa. 1, 172 A. 114); against a mortgage *(U. S. Bank & Trust Co. Case,* 311 Pa. 320, 166 A. 871); and against installments of rent

due after insolvency under a lease from the bank for real estate, where the lease was in existence when insolvency was declared *(Franklin Trust Co. of Phila. Case,* 319 Pa. 89, 179 A. 238).

In *Arnold v. Niess,* 1 Walker 115, our Supreme Court went a step farther and held in a per curiam opinion adopting the opinion of the court below that an indorser on a note could set off his deposit in the bank in a suit by the assignee in bankruptcy of the bank. In that case the note became due on the same day that the bank had made an assignment for the benefit of creditors which assignment was followed by proceedings in bankruptcy. In *Schock Independent Oil Co.'s Appeal,* 316 Pa. 59, 173 A. 274, it was held that where the indorser seeks to establish his right of set off against the receiver of a bank the burden is on him to show that he cannot recover from the maker and that as that burden had not been sustained the depositor was not entitled to a set off. Although it was not specifically decided we are asked to infer from the opinion that the set off would have been allowed if it had been shown that the indorser was not indemnified against liability and that the maker was not solvent.

By the decided weight of authority in other jurisdictions it has been held that where an indorser of a promissory note is sued by the receiver of an insolvent bank, he may plead as a set off his deposit in the bank at the time of the suspension *(Curtis v. Davidson,* 215 N. Y. 395; *Lippitt v. Thames Loan & T. Co.,* 88 Conn. 185, 90 A. 369; *Edmondson v. Thomasson,* 112 Va. 326, 71 S. E. 536; *New Farmers' Bank's Trustee v. Young,* 100 Ky. 683, 39 S. W. 46; *Davis v. Industrial Mfg. Co.,* 114 N. C. 321, 19 S. E. 371; *Armstrong v. Warner,* 49 Ohio 376, 17 L. R. A. 466; *Yardley v. Clothier,* 51 Fed. 506, 17 L. R. A. 462), provided that the maker of the note is insolvent or the indorser is not otherwise indemnified against loss *(Bank of U. S. v. Braveman,* 259

N. Y. 65, 181 N. E. 50). In the Braveman case it was held, contrary to our rule, that the burden was on the receiver to show solvency.

In the cases cited dealing with the makers of notes, mortgagors and lessees, the depositors had unconditionally bound themselves to pay definite sums in money. There was not a contingent element in the undertaking other than there would be in any contract to be performed in the future. The cases dealing with indorsers are closer to the problem we are considering. We have not found a case with reference to indorsers claiming a set off decided by an appellate court of this state which specifically adopts the rule generally prevailing in other jurisdictions. In *Arnold v. Niess*, supra, the note was due the day the bank closed, and in *Schock Independent Oil Co.'s Appeal*, supra, it does not appear whether the note was due at the time insolvency was declared. The reasoning in each of the opinions, however, strongly implies that the general rule is the rule in this jurisdiction and we will assume it so to be.

While an indorser is said to be secondarily liable, the holder of a note, if it is not paid at maturity, may sue both the maker and indorser in one action, or he may sue either. When the indorser is sued, provided he has had proper notice of dishonor, he may not plead that the maker is solvent. "When sued, the indorser stands for the purpose of that action in the same position as the maker except that he is absolutely liable upon his contract of indorsement while the maker is absolutely liable upon the note": *Curtis v. Davidson,* supra, p. 397. The maker and indorser in this respect stand in the same position.

The reasoning in *Arnold v. Niess,* supra, and in the New York cases, is that if it is equitable and fair to the creditors of the insolvent that the maker should have the right to set off his deposit, the same privilege should be accorded the indorser. That the equities of the

situation, particularly fairness to all creditors, must be considered is shown by the modification of the general principle to the extent that the right of set off will not be extended to the indorser if the maker is solvent or the indorser is otherwise indemnified. If the right of the indorser to plead set off were absolute there would be no reason for such exception to the rule.

While one asserting a right of set off must possess a claim due when insolvency has been declared, which is the status of the depositor, it does not follow that everyone under all circumstances who has a debt so due may plead such set off against a claim of a receiver or other fiduciary. To so hold would be to disregard the fact that the right of set off is fixed as of the date insolvency is declared. Although, as we have shown, there is a contractual relation between a corporation and its stockholders with respect to dividends, we are not so much concerned with the existence of such a contract as with what the contract in fact is. Here, in short, the Securities Corporation contracted that it would pay dividends "when, as and if" earned and declared by the board of directors in their discretion. There was no possible right to receive a dividend until earned and there is nothing in these pleadings to show that there were any available earnings or surplus from which they could have been paid, much less that the directors should have or could have in the exercise of reasonable judgment declared a dividend at the time the bank closed or for five years thereafter.

In cases where insolvency is not involved the rights of a party to a set off are determined as of the time suit is brought, but where insolvency is involved, as in the case of a closed bank, the rights are fixed as of the time the bank closed its doors: *Gordon v. Anthracite Trust Company*, supra, p. 3; *U. S. Brick Co. v. Reading Shale Brick Co.*, 228 Pa. 81, 87, 77 A. 395. When the Franklin Trust Company closed, the Securities Corporation was

not obligated to the Franklin Trust Company in any amount payable then or at a future day, and certainly not in any fixed sum. If final distribution had been made by the receiver within three or four years after the bank closed the Securities Corporation would have had no right of set off, for it could not have been shown that anything was owing to the bank by the depositor.

While it is true that the cases cited show that a set off may be claimed by a depositor where he is the maker of a note, mortgage or lease, and his obligation to pay is not yet due, in such situations the law assumes that he may anticipate his payment and that the real balance due is the difference between the corresponding obligations of the parties. It is important to observe that the balance due is capable of determination at any time. In the case of an indorser claiming a similar right there is a contract to pay in the event the note is dishonored and the limit of the respective obligations is a fixed sum in money. No such situation exists in the case of a stockholder for he may never be entitled to receive anything and the corporation has not undertaken to pay him any sum. The rights of common and preferred stockholders in this respect are the same. In other words, when insolvency was declared there was no obligation to pay a dividend then or at a future date. There was not an *existing* obligation to the bank due then or maturing in the future.

We are dealing with a case of equitable set off and the respective equities of the parties must have first consideration. We are unable to discover any equities on the part of the Securities Corporation that are superior to the rights of the creditors of the Franklin Trust Company. When the bank became insolvent and went into liquidation the Securities Corporation was a depositor with no right of set off; it was only entitled to participate pro rata with other depositors, creditors of like grade. It could not better its situation to the dis-

advantage of other creditors by the fact that in later years it earned and declared a dividend. At the time the right to receive dividends accrued, the relative rights of the creditors had been fixed.

The able argument of counsel for the appellant has had the consideration it merited, but we are driven to the conclusion that the judgment must be affirmed for to do otherwise would grant to the Securities Corporation a preference.

Judgment affirmed.