WEB. M. RUBEY, ASSIGNEE, ETC., Plaintiff in Error, v. B. F. WATSON ET AL., Defendants in Error.

Kansas City Court of Appeals, May 24, 1886.

1. ASSIGNMENTS—RULE WHERE CREDITOR IS ALSO A DEBTOR—SET. OFFS.—While in assignments, under the statute of this state, there is only a *pro rata* distribution of the insolvent's assets among the creditors; yet, where a creditor also happens to be a debtor of the insolvent, he may set-off his claim on the insolvent, against the insolvent's claim on him, dollar for dollar, and thereby, in this way, he has the advantage of the ordinary creditor. Such is the settled law.

2. PRINCIPAL AND SURETY—RIGHTS OF SURETY TO SUBROGATION TO RIGHTS, ETC., OF CREDITOR.—When a surety pays the debt of his principal he becomes entitled to be subrogated to all the rights and remedies of the creditor connected with the debt. So, too, is a surety entitled to rights and privileges which may belong to the *principal* whose debt *he has paid,* so far as these are connected with the debt. Common among such rights are those of set-off, and the benefit of any fund or collateral provided by the principal for the payment of the debt.

3. ——— SET-OFF IN ASSIGNMENT—CASE ADJUDGED.—Where the principal, as in this case, had a fund which he set apart for the payment of the debt for which defendant was security, and deposited it in bank for that purpose, and the bank received it with a knowledge of that purpose; and the bank made an assignment, and asserted a claim against the surety as its debtor; the fund, in effect, after the payment of the debt of the principal, by the surety, became *his* claim against the bank, and as such it was his right to use it as a set-off to any claim the bank has against him. The law turns it over to him in proportion to his payment.

ERROR to Macon Circuit Court, HON. ANDREW ELLISON, Judge.

*Affirmed.*

Statement of case by the court.

This action is based on a promissory note made by defendants and payable to F. C. Hardgrove, or order.

It was assigned for value, before maturity, to the Macon Savings Bank. The bank made a general assignment, under the statute, to plaintiff. The answer admitted the execution of the note, and that plaintiff is the assignee of the bank, and proceeded to set up the following as a defence thereto :

"And for a defence, off-set, and counter-claim to said action, defendant alleges that, at the general election held in Macon county on the —— day of November, 1880, one James H. Cunningham was duly elected collector of the revenue within and for the county of Macon, and state aforesaid, and duly qualified as such, and gave bond in a large sum to the state of Missouri, for the faithful performance of his duties as such collector, and faithfully to account for all moneys that should come into his hands as such collector, with defendant, Benjamin F. Watson, and others, as his securities on said bond, which was duly approved by the county court of said county and the state auditor, whereby this defendant, and the other bondsmen, become and remain liable for all misfeasance, neglect, and other default of said Cunningham as such collector, and still so remain and continue.

"That said Cunningham, after entering upon the discharge of his duties as such collector, from day to day, deposited large sums of the revenue, collected by him, in the Macon Savings Bank, to the credit of himself as such collector, and so continued until the fifteenth day of February, 1882, when said bank suspended payment, stopped business, and assigned to plaintiff for the benefit of its creditors, at which time said bank had and owed of the revenue so collected and deposited, as aforesaid, the sum of —— dollars, which sum it refused to pay as it had agreed, by reason of said failure and refusal of said bank. That the said Cunningham became, and was a defaulter in said sum, and being wholly insolvent, was unable to pay the same, and this defendant, as bondsman, as aforesaid, became

and was liable to pay said sum, and was compelled to, and, in fact, did pay the sum of —— dollars, much larger than the sum of said note, with the interest thereon, being his part as bondsman, as aforesaid. That, to make said payment, defendant was compelled to use, and did use, the money he had provided to pay said note sued upon ; and that, by said payment, said account owed, as aforesaid, by said bank, to said Cunningham, as collector, and to the revenue, became, and was, owing, and due, to this defendant, and his fellow bondsmen, and said bank and assignee, became, and were, liable to pay the same to this defendant and his fellow-bondsmen. That said bank is wholly insolvent, and cannot pay more than ten or fifteen cents on the dollar of its indebtedness, that said Cunningham is wholly insolvent, and cannot pay defendant anything on said money so paid by defendant, toward discharging said defendant so occasioned, as aforesaid. Defendant alleges and avers that he has at all times since the first deposit by said Cunningham in said bank, been in equity and good conscience an owner, and had an interest in said fund and account, and by said payment discharging said default, became, and now is, an absolute owner of said account, with his right, and title, and interest, relating back to approval of said bond, and that there is a mutual indebtedness existing thereby between plaintiff and this defendant. And defendant alleges and avers that he has the right to have his indebtedness in his account, as shown above, off-set, against the said note sued on by plaintiff." The prayer was general relief, etc.

The cause was submitted to the court on the following agreed statement of facts :

"1.   That J. H. Cunningham was duly elected and qualified as collector of revenue for Macon county, and was, on the date of the failure of the Macon Savings Bank, acting as such.

"2.   That defendant is and was one of the bonds-

men of said Cunningham, from the beginning of his term.

"3. That said bank failed February 15, 1882, having on deposit at current account, revenue (collected by Cunningham, and deposited in the name of J. H. C., Col'r.), a sum greater than the amount due upon the note sued on.

"4. That said bank is insolvent, and cannot pay more than a small per cent. of said deposit.

"5. That defendant has paid to Macon county, and other funds to which the money deposited aforesaid belonged, the amount equal to what is due upon the notes sued for, being compelled so to do by reason of the insolvency of said Cunningham."

The court sustained the set-off, and found for the defendant; plaintiff brings the case to this court by writ of error.

DYSART & MITCHELL, for the plaintiff in error.

I. The facts set up in the answer constitute no defence to plaintiff's admitted right of action. The principal in the bond, and not the state of Missouri, was the principal of defendant. And the principal in the bond was simply a creditor of the bank, with respect to the public moneys deposited, as any other depositor. *State ex rel. Cunningham v. Wilson*, 77 Mo. 633; *State v. Rubey*, 77 Mo. 610. The claim of the state to the contrary was denied by the supreme court in the above cited cases.

II. There is no room here for the application of the doctrine of subrogation. In order to avail himself of the funds in the hands of the assignee of the bank, it would be necessary for defendant to pay off the bond, and take judgment against his principal, and then garnish the assignee for any dividend coming to his principal. For his principal was a creditor of the bank, and not a debtor; and the fund deposited was not a security for the payment of his principal's bond.

*State ex rel. v. Powell*, 67 Mo. 395 ; *State ex rel., etc., v. Moore*, 74 Mo. 413.

III.    The principal of defendant was only entitled to a *pro rata* dividend out of the assets of the bank, along with other creditors. The extent of defendant's claim for relief here cannot be greater.

IV.    The entire bond was not paid by defendant as surety.    A creditor has the right to hold all collateral until the whole debt is paid: *Morrison v. Ins. Co.*, 18 Mo. 262 ; *Hearne v. Keath*, 63 Mo. 84.

SEARS & GUTHRIE, with B. F. STONE, for the defendants in error.

I.    On the record proper, as here, there is only one question to settle : Does the answer state sufficient facts to entitle defendant surety to equitable subrogation to the rights of his principal against the assignee · of the bank, and to have the deposit owing to his principal from the assignee set-off in payment of his (the surety's) note owing to the assignee—having been compelled to make good his principal's default, as being his surety on his official bond ? and which default was occasioned by the failure of the bank to pay the deposit to his principal.

II.    Defendant's principal is the creditor of the bank.    He was, therefore, the creditor of the assignee. Certainly his principal, if defendant here, could off-set the deposit against the note ; and the bank, being insolvent, equity would off-set the one against the other. *Field v. Oliver*, 43 Mo. 200 ; *Barnes v. McMullins*, 78 Mo. 260 ; *Fulkerson v. Davenport*, 70 Mo. 541 ; *Reppy v. Reppy*, 46 Mo. 571 ; *Jordan v. Sherlock*, 81 Pa. St. 366 ; *Smith v. Felton*, 43 N. Y. 419.

III.    By the payment of his principal's bond, defendant became subrogated to all the rights and remedies relating to this fund that either his principal or the obligees in the bond had in law or equity.    In equity the fund on deposit in the bank, was then the surety's, and he could off-set it for what he was owing to the bank,

or its assignee, just as his principal could. *It was his.* *Sweet's Adm'r v. Jeffries*, 48 Mo. 279; *Morrow's Assignee v. Bright*, 20 Mo. 298; *May v. Burke*, 80 Mo. 675; *Cole v. Malcolm*, 66 N. Y. 363; Sheldon on Subrog., sects. 90, 86.

IV. A partial payment is sufficient to establish the surety's right as against the *principal debtor ;* it is only the creditor who can insist that the debt must be paid in full before the surety's right shall yield its full fruition. Sheldon on Subrog., sect. 128; *Sweet's Adm'r v. Jeffries*, 48 Mo. 279.

ELLISON, J.—The question presented by the record is simply whether the answer sets up a defence in connection with the agreed statement which was filed and made a part of the record in the cause. From this answer and statement it appears that Cunningham, as collector, was a depositor in the Macon Savings Bank, of which plaintiff is assignee, to an amount greater than that due on the note in suit, and that the bank knew the deposit was revenue. That the bank suspended payments, made an assignment under the statute, and is now insolvent. That Cunningham is likewise insolvent, and that defendant, by reason of being on Cunningham's official bond, has been compelled to pay to the different revenue funds, to which Cunningham was in default by his loss in the bank, a sum at least equal to the note in controversy. This deposit was a credit in Cunningham's hands, which he could have successfully used as an off-set in a contest between him and the bank, on any demand it might have held against him. Morse on Banks, 50, 31. The fact that the deposit was in his official capacity does not alter the rule. *Ibid*, 50; *Muter v. Franklin Bank*, 1 Paige, 444.

He was responsible for it individually. While in assignments under the statute there is only a *pro rata*

distribution of the insolvent assets among the creditors, yet, where a creditor happens to be also a debtor of the insolvent, he may set off his claim on the insolvent, against the insolvent claim on him, dollar for dollar, and thereby, in this way, he has the advantage of the ordinary creditor. Such is the settled law.

When a surety pays the debt of his principal he becomes subrogated to all the rights and remedies of the creditor connected with the debt. This is a fundamental principle. So, too, is a surety entitled to be subrogated to rights and privileges which may belong to the *principal* whose debt he has paid, in so far as these are connected with the debt. Common among such rights are those of set-off, and the benefit of any fund or collateral provided by the principal for the payment of the debt. Cunningham, defendant's principal in the bond, had a fund which he set apart for the payment of the debt for which defendant was security. He kept that fund separate and apart from his own moneys. He deposited it with the bank for that purpose, and the bank received it with a knowledge of what it was and for what purpose it was intended. Defendant, as surety on the bond, under the principle above stated, had an interest in that fund. Sheldon on Subrogation, 90, 100; *Horner v. Savings Bank*, 7 Conn. 478–483–484; *Rodes v. Crockett*, 2 Yeager, 346; *Johnson v. Bartlett*, 17 Pick. 488. It, in effect, became his claim against the bank, and, as such, it is his right to use it as an off-set to any claim the bank may have against him.

The law turns it over to him in proportion to his payment. "They (he) became at once, not by contract, but upon the principles of natural justice, the equitable owner of the fund." *Harrison v. Phillips*, 46 Mo. 520, 528. Being the owner of the fund so set apart by his principal, as above stated, the bank having appropriated that fund, has become defendant's debtor, and he may set off the debt in this action. It is no answer to this to say that this view places defendant in a better position

than other debtors of the bank, by allowing him in this manner to receive, perhaps, his full debt, when other creditors, equally as worthy, only receive a small *pro rata*. It results from his relation to the bank, which is that of *both* debtor and creditor. As before stated, it is law, not disputed anywhere, that when one is debtor and creditor of an insolvent institution, though it has made assignment, he may set off his credit against his debt.

The fact that defendant has co-sureties, who might be entitled to an interest in the fund deposited in the bank, upon payment of anything, as such securities, need not be considered as standing in the way of the judgment in this case, as it is among the agreed facts that the sum lost by Cunningham in the bank, and that paid by defendant as surety, are each greater than the note sued on. However, if this were not so admitted it would seem, from the case of *Fulkerson v. Davenport* (70 Mo. 541), that defendant's interests and right in the fund might be ascertained, and, as ascertained, applied to his benefit in this action.

The judgment is affirmed. Hall, J., concurs; Philips, P. J., concurs in the result.