S. E. STEPHENS, PLAINTIFF IN ERROR, v. BRAGG CITY, A MUNICIPAL CORPORATION, DEFENDANT IN ERROR.

Springfield Court of Appeals.   May 20, 1930.

*Corpus Juris-Cyc References: Banks and Banking, 7CJ, section 305, p. 628, n. 94; Municipal Corporations, 44CJ, section 4116, p. 1160, n. 48; section 4655, p. 1457, n. 76.

*Von Mayes* for plaintiff in error.

470

*Ward & Reeves* for defendant in error.

COX, P. J.—Plaintiff in error, S. E. Stephens, had secured a judgment against the city of Bragg City for $2000. On this judgment an execution was issued and under this execution The First National Bank of Caruthersville was summoned as garnishee. The defendant in error, city of Bragg City, filed a motion to quash the levy of this execution and discharge the garnishee. This motion was sustained and this writ of error followed.

The facts in this case are as follows: The city of Bragg City had voted, issued and sold bonds to the amount of $21,000 for the purpose of establishing for said city waterworks, electric lights and a

city park; $7000 for each project. The money realized from the sale of these bonds went into the hands of the city treasurer, Mr. J. M. McTerr, who defaulted and failed to account for all the money. A suit upon this bond was instituted by the city and upon a compromise of that suit $4500 in money and some property was recovered by the city. The then city treasurer deposited this $4500 in the First National Bank of Caruthersville in the name of Bragg City. Out of this the city paid its attorneys who had been employed to prosecute the suit against McTerr and his bondsmen the sum of $1500. This left $3000 on deposit in the bank in the name of Bragg City at the time the bank was summoned as garnishee.

On the facts above outlined the trial court sustained the motion of the city to quash the levy of the execution and dismiss the garnishee.

The contention of plaintiff in error is that when the money was deposited in the bank in the name of Bragg City it was a general deposit and the title to the money passed to the bank and the funds deposited ceased to be a trust fund and was subject to the payment of the city's ordinary debts the same as funds belonging to the general revenue fund of the city. We agree with plaintiff in error that as between the city and the bank and other creditors of the bank the deposit was a general deposit and had the bank failed the city could not have been allowed a preference. [Paul v. Draper, 158 Mo. 197, 59 S. W. 77.]

It is also said by plaintiff in error that since the city had used $1500 of this money to pay attorneys' fees in litigation to recover the money from a defaulting city treasurer that that manifested an intention to use this money for general purposes and that took away from it its character as a trust fund. With that contention we do not agree. This money did not belong to the general revenue fund of the city. It was the product of bonds voted by the people of the city to secure money for a specific purpose and when the bonds were issued and sold the money received thereby could not legally be used by the city for any other purpose. The city authorities had no power under the law to transfer this money to the general revenue fund of the city and use it to pay ordinary debts of the city. [Thompson v. City of St. Louis et al., 253 S. W. (Mo. Sup. Ct.) 969.]

The fact that the city treasurer defaulted and the money deposited in the bank was secured as the result of a suit by the city upon the bond of the defaulting treasurer cannot change the duty of the city authorities relative to the use of this money. While it could deposit the money in the bank for safe keeping in such a way as to place the city in the position of a general creditor of the bank in case of its failure, it could not by that act or any other act known to the law acquire to itself the right to divert this money to any other purpose than that for which it was voted by the people of the

city. What the city authorities themselves could not do by their own voluntary act the city's creditors could not do for it under execution and garnishment proceedings.

. The judgment will be affirmed. *Bailey* and *Smith, JJ.*, concur.

