M. H. FORRESTER, APPELLANT, v. S. L. CANTLEY, COMMISSIONER OF FINANCE IN CHARGE OF THE LIQUIDATION OF MT. VERNON BANK, RESPONDENT.—51 S. W. (2d) 550.

Springfield Court of Appeals. June 15, 1932.

*Robert Stemmons* and *Rex V. McPherson* for appellant.

*Harry Whaley* for respondent.

SMITH, J.—This is a suit in which the plaintiff is seeking to have allowed as an offset against his deposit in the Mt. Vernon Bank the amount of a note which he owed the bank. There is no controversy over the pleadings. The case was submitted to the court on the following agreed statement of facts:

"It is agreed that the following are the facts of this cause:

"1. That M. H. Forrester was elected Circuit Clerk for Lawrence county, Missouri, at the November election, 1926, for a term of four years, and qualified for said office and served his entire term; that he gave bond, which was duly approved, by the circuit judge, with the Detroit Fidelity & Surety Company, as surety, in the sum of five thousand dollars, conditioned that he 'shall faithfully perform the duties of his office and pay over all moneys which may come into his hands by virtue of his office,' etc.

"2. That the Mt. Vernon Bank, pursuant to resolution of its board of directors closed on July 24, 1929, and the assets thereof

were taken over by S. L. Cantley, Commissioner of Finance, for the purpose of liquidating said bank.

"3. That at the time of closing of said bank said M. H. Forrester had on deposit therein, and subject to check, a balance due from said bank in the sum of $1,543.67, which sum was deposited in an account carried on the books of said bank and known as 'M. H. Forrester, Circuit Clerk.' That the balance of $1,543.67 represented money which he had deposited in said bank in his official capacity of circuit clerk, and which he had collected as fees for officers, court costs, witness fees, etc., and for which he was liable on his official bond, but which he had not paid to the persons entitled thereto at the time of the trial.

"4. That S. L. Cantley, Commissioner of Finance of the State of Missouri, is now and at all times herein mentioned was in charge of said bank, and now has in his possession, a note, executed by M. H. Forrester, payable to said bank, bearing date of June 29, 1929, due 180 days after date, in the sum of $400 with interest thereon from date at the rate of eight per cent per annum, which note belonged to said bank and was held by the bank as an asset at the time it closed; that no part of said note has been paid; and there are no other offsets or credits against said sum of $1,543.67 due M. H. Forrester, circuit clerk.

"5. The question presented to the court is whether an offset of the principal and interest due on said note is allowable against said deposit."

The court found the issue in favor of the defendant, and denied to plaintiff the right to offset the balance due him, as circuit clerk, against said note, and judgment was rendered accordingly. No declarations of law were requested by either side and none were given.

Proper steps were taken for an appeal, and the case is here on the one assignment of error, namely, "The court erred in disallowing the offset of said deposit against said note."

The trial court erred in not holding that the relation of debtor and creditor existed between the bank and the plaintiff, and in not holding that the plaintiff was entitled to the credit as sought by him.

The words "circuit clerk" written after the plaintiff's name are words *descriptio personæ*, and 18 C. J., page 968 says, "By this is meant a word or phrase used merely for the purpose of identifying or pointing out the person intended, and not as an intimation that the language in connection with which it occurs is to apply to him only in the official or technicial character which might appear to be indicated by the word." Our Supreme Court in the case of Paul v. Draper, 158 Mo. 197, 59 S. W. 77, in discussing whether a guardian who had money deposited in a bank which failed was entitled to a

preference, held that such guardian, even though the bank officials knew that the money was deposited by him as trustee for minors, could not be paid in preference to the claims of other depositors. This was on the theory that the deposit was a general deposit and the title thereto passed to the bank and the relation of debtor and creditor between the bank and guardian was created, and not that of trustee and *cestui que trust*. This case has been cited with approval many times since then. [State v. Linely, 311 Mo. 414, 430, 279 S. W. 76; State ex rel. Attorney-General v. Page Bank of St. Louis, 322 Mo. 29, 36, 14 S. W. (2d) 579; Stephens v. Bragg City (Mo. App.), 27 S. W. (2d) 1063; Ellington v. Cantley (Mo. App.), 300 S. W. 529.] Certainly under the reasoning of the above cited cases the money on deposit by the plaintiff was not such a trust fund as to entitle the claimant to a preference over other depositors, and if it was not, then the relation of debtor and creditor existed between the bank and the plaintiff, and it makes no difference that his name as depositor was followed by words of description. The bank was indebted to him for the amount of the deposit; he was indebted to the bank for the amount of his note. Under the facts as stated here, the judgment of the court should have been in plaintiff's favor. The plaintiff cites us the case of Ruley v. Watson, 22 Mo. App. 428, which we think is in point. The defendant cites cases from other jurisdictions that seem to hold otherwise, but under the authorities of this State, we have reached the conclusion that the court committed error in its judgment.

The judgment should be reversed and the cause remanded with directions to enter judgment for the plaintiff for amount of his claims.

It is so ordered. *Cox, P. J.*, and *Bailey, J.*, concur.