Amer. Radiator Co. et al. *v.* Modern Utilities Co.

Argued November 1, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Earl V. Compton,* for appellants, cited: Commonwealth to Use v. Crow, 294 Pa. 286; North Chicago Rolling Mill Company v. St. Louis Ore and Steel Company, 152 U. S. 596; Lowman's Appeal, 3 Watts & Sergeant 349.

*Mark T. Milnor,* Special Counsel, and with him *Shippen Lewis,* Special Deputy Attorney General, and *William A. Schnader,* Attorney General, for appellee.

Opinion by Parker, J., March 3, 1933:

On appeal to this court, the parties in interest, pursuant to Rule 56, prepared and signed a statement of the case showing how the questions arose and were decided in the court below and setting forth the facts. As there were no disputed facts, the sole question in the entire controversy was one of law. A statement

of the facts is sufficient in itself to demonstrate that the appellant must prevail.

The defendant, Modern Utilities Company, was indebted to Security Trust Company in the sum of $15,950 at a date when receivers were appointed for such defendant by the common pleas court of Dauphin County. The Utilities Company being insolvent, the receivers converted into cash all the assets of that company and deposited such proceeds, $20,880.49 in the Security Trust Company and $17,608.38 in the Union Trust Company of Harrisburg. Thereafter, an auditor was appointed to make distribution of the assets in the hands of the receivers; but before hearing on such audit, the Secretary of Banking of the Commonwealth, acting under "The Banking Act of 1923" (Act June 15, 1923, 7 PS 29), took charge of the Security Trust Company and began to liquidate its assets. Two dividends aggregating approximately $6,800 have been paid to the receivers of defendant by the Secretary of Banking. There is nothing to indicate how much more, if anything, will be available for distribution by the Secretary of Banking, but it is reasonable to assume that it will not be sufficient to cover the amount of the receivers' deposit in such bank.

The Security Company made proof before the auditor of its claim against the Modern Utilities Company. On objection being made that the Security Company was not entitled to a present payment, the auditor made the following order: "For the reasons given, it is the opinion of the auditor that the Security Trust Company of Harrisburg, Pennsylvania, should not participate in this distribution, but that it should await the distribution incidental to the final accounting of the receivers in this proceeding." The court of common pleas sustained exceptions filed by the Secretary of Banking to the report of the auditor, remitted

the report, and directed that distribution should be made to the Security Company of its pro rata share of the assets. Thereupon, the auditor filed a supplemental report allowing the claim as a common claim and awarded a dividend to the Security Company of $2,140.49. The lower court overruled exceptions to this supplemental report and directed distribution.

Section 29 of the Banking Act of 1923 (7 PS 29) provides in part as follows: ''Except as herein otherwise provided, the secretary [of banking] shall, when he has taken possession of the business and property of a corporation or person, have all the rights, powers, and duties of a receiver appointed by any court of equity in this Commonwealth; and he shall be vested, in his official capacity, with all the rights, powers, and duties of such corporation or person and with all the property of such corporation or person, etc.''

The Secretary of Banking, as statutory receiver of the Security Trust Company, notwithstanding the fact that the receivers of the Utilities Company have on deposit in the Trust Company funds which represent the proceeds of assets of an insolvent corporation converted for the purpose of distribution to its creditors, and which they cannot now and probably will not be able to pay to the receivers, demands as one of such creditors its share of other funds without any deduction on account of, or consideration of, the deposit in such bank. To sustain such position would constitute an inequitable preference in favor of the receivers of the banking company and be unjust to the other creditors of the Utilities Company. It would do violence to one of the primary purposes of appointing receivers for insolvent corporations, which is to conserve the assets for, and make equitable distribution to, the creditors.

''It is well settled law in Pennsylvania that in the case of an insolvent corporation, the rights of the

parties are fixed as of the date of the appointment of the receivers": Blum Bros. v. Girard Nat. Bk., 248 Pa. 148, 153, 93 Atl. 940. The right of setoff exists against the Secretary of Banking acting as statutory receiver: Fisher v. Davis, 278 Pa. 129, 122 Atl. 224. It does not definitely appear from the statement of the facts agreed upon that the Security Trust Company is insolvent, but that does not affect the result. If it is, in fact, insolvent, then the banking company, by the method of distribution contended for by the statutory receiver, would receive not only the same proportion of its claim as other common creditors, but in addition the difference between the amount of the deposit by the receivers of defendants and the total distribution which the Secretary of Banking makes to the receivers of the Utilities Company. If the bank is insolvent, this would constitute a double payment to one creditor and would not be a pro rata distribution. If, as is improbable, the banking company should prove to be solvent, the receiver of the banking company would have its money long in advance of other creditors, a privilege it does not enjoy. Again, assuming the Trust Company is solvent, then the rights of the statutory receiver of the bank arise no higher than those of the bank itself. The bank could not object to setting off the deposit against the dividend, and it follows that in the same circumstances, the receiver could not object. In Shipler v. New Castle Paper P. Co., 293 Pa. 412, 143 Atl. 183, Mr. Justice SADLER said, in considering the rights of a claimant as against creditors in a receivership (p. 417): "If his [receiver's] rights rise no higher than those of the corporation, *and they would not if it was solvent,* then the purchaser was entitled to demand that the manufactured paper be delivered to it." (Italics ours.)

We are unable to agree with the lower court that

the conclusion at which we have arrived is contrary to the rules of law governing the right of setoff or defalcation. When the receivers were appointed for the Utilities Company, of that date the rights of the parties were fixed, and on matters arising prior thereto, the right of defalcation or setoff existed in favor of its debtors, but not as to subsequent dealings. The same principle applies when a statutory receiver was appointed for the Trust Company. The receivers of the Utilities Company (not the corporation) had a right to receive the deposit which they had in the bank. The statutory receiver of the bank, as a creditor, had a right to receive a pro rata share as a common creditor of assets available for distribution. The cross demands arose between the same parties and in the same rights. The fact that the parties were represented by receivers and that there were certain limitations on the right to sue each other did not affect the substantive rights of the parties: Fisher v. Davis, supra. Even if we were unable to comply with all the technical rules governing the law of setoff or defalcation, it would not affect the result. "Setoff, itself, was originally nothing more than an equitable defense, which the legislature has thought fit, in plain and simple cases, to subject to the jurisdiction of the courts of common law, reserving to chancery, its original jurisdiction of cross demands which do not fall within the statute ...... The courts would be competent to do complete justice, without the statute, as is shown by their having frequently gone beyond it": Frantz v. Brown, 1 P. & W. 257. As was said by Mr. Justice MITCHELL in Hibert v. Lang, 165 Pa. 439, 442, 30 Atl. 1004, quoting Chief Justice GIBSON: "Where there is a special equity to be subserved, and no equity of third parties to be injured, a set-off will be allowed upon equitable principles, though the case does not come within the language of the statute."

The action of the auditor, approved by the lower court, in provisionally determining the amount due from the receivers of the Utilities Company to the receivers of the Trust Company when the receivers were appointed for the banking company, was proper, as it was necessary so to do to determine the amount to which each creditor would be entitled. It was likewise proper for the same reason to determine what the pro rata dividend of the bank would be, but payment of any sums on account of such calculations should be postponed until it is determined what the loss will be on the deposits of the creditors in the Security Trust Company, and until it appears what sum, if any, may be paid without preference to the bank. When the sum of the dividends payable by the receiver of the bank to the receivers of the Modern Utilities Company, and the dividend due to the receivers of the bank from the receivers of the Utilities Company equal the deposit in the bank, then the bank's representative is entitled to receive the excess, if any. In other words, the deposit must first be made good. There are no practical difficulties in the way of properly protecting the creditors of both the bank and the Utilities Company. This may be done by offsetting any dividends to which the statutory receiver of the bank would be entitled against the amount of the deposits of the receivers in such bank.

The order of the lower court is reversed, distribution to be made not inconsistent with this opinion. The appellee shall pay the costs of these appeals.