## GRAY v. SCHOOL DIST. OF BOROUGH OF BROWNSVILLE.
### No. 5064.

Circuit Court of Appeals, Third Circuit.
Sept. 22, 1933.

---

Henry Eastman Hackney, Joseph W. Ray, Jr., and Shelby, Hackney & Ray, all of Uniontown, Pa., for appellant.

John C. Sherriff and John M. Reed, both of Pittsburgh, Pa., and Harry A. Cottom, of Brownsville, Pa., for appellee.

Before WOOLLEY and THOMPSON, Circuit Judges, and FORMAN, District Judge.

WOOLLEY, Circuit Judge.

The School District of the Borough of Brownsville had money on deposit with the Monongahela National Bank of Brownsville, Pennsylvania, in three accounts, designated as follows: (a) Checking Account, $807.34; (b) Sinking Fund No. 1, $4,321.71; and (c) Sinking Fund No. 2, $10,271.79. The School District owed the bank $13,000 for money borrowed for general school purposes on certificates of indebtedness conformably with state statute. The bank failed. In attempting settlement, its receiver refused to set off the debt which The School District owed the bank against the sinking fund debts which the bank owed The School District, agreeing, however, to a set-off of the checking account. Thereupon The School District, by its bill in equity, sought to compel a set-off of the respective debts. The District Court by its decree allowed the set-off and permitted The School District to prove and file its claim with the receiver for the difference.

The receiver of the bank appealed on several grounds which arose from rulings of the court adverse to him, the pertinent ones being that, as he contends, the debts are not mutual, the sinking fund accounts being of trust funds; that the money represented by deposits in the sinking fund accounts belongs not to The School District but in reality to the holders of its bonds; and that, anyhow, The School District, because of surety given by the bank to protect its deposits, would not lose if the set-off were disallowed.

Of course the learned trial court recognized that to permit a debt of one person to be set off against a debt of another, both must be mutual and subsisting debts and must be due in the same capacity or right. On their face such were the debts in this case; The School District owed the bank for money borrowed and the bank owed The School District for money deposited.

The moneys deposited in the two sinking fund accounts were raised by The School District by taxation for the purpose, as the law required, of paying running interest and ultimately the principal of two bond issues. By impressing their purpose upon the funds so deposited, the receiver of the bank regards them as trust funds and, accordingly, maintains that after deposit they do not constitute debts of the bank to The School District in the same capacity or right as the debt of The School District to the bank and therefore are not open to set-off. That they are mutual debts subsisting between the same parties—and so far fall within the rule—cannot be validly questioned although, seemingly, the trend of the receiver's argument is to the contrary. The case really turns on whether the debts are due in the same capacity or right and whether on the facts equity calls for a set-off.

Although both funds were raised for particular purposes, The School District drew money from Sinking Fund No. 1 rather freely and used it for general school purposes. From Sinking Fund No. 2 it drew money for purposes other than those for which it was created, yet less freely.

Sometimes funds created for a purpose are impressed with a trust to carry out the purpose. When this occurs between fiduciary and personal debts, mutuality as to capacity or right is lacking. This happens of course where a deposit is made by an executor, administrator, trustee, and also when made personally yet for distribution among creditors to the knowledge of the bank, and even in instances where, under particular circumstances, it is made for the retirement of bond issues. In such cases set-off will not, at law, be allowed. The law will not permit a person to

pay his debt with the money of another. On the other hand, money to be used for a definite purpose may not be impressed with a capacity different from the personal capacity of the depositor. For instance, money of a client deposited to the personal account of his attorney does not thwart a claim of set-off by the attorney, and deposits of money of estates undergoing public administration have been set off against the debt of the public administrator. Miller v. Receiver of Franklin Bank, 1 Paige (N. Y.) 444. On the varying facts of close cases the test of "capacity", whether fiduciary or personal, is not limited to the purpose of the fund representing the debt but extends to the ownership of the debt and the capacity of the owner to sue for it. Recognizing this, the bank's receiver takes the stand that the sinking funds in question are not the property of The School District (except as trustee) but belong to the holders of the bonds. We cannot subscribe to this position. The money which was deposited in the sinking fund accounts belonged to The School District. Though intended for use in meeting its obligations to bondholders, it was none the less its property. Its ownership was absolute. The funds were deposited with the bank for safe-keeping, subject to withdrawal at the will of The School District, and then and thereafter the bank was in no way responsible for their use or misuse. All the while, and independently of the sinking fund accounts, The School District was, and still is, liable for the payment of its bonds. And this is true whether or not it can, by set-off, recover its deposits from the bank. The relation of The School District and the bank, on the deposits, is that of creditor and debtor, which is in no sense affected by the relation of The School District and its bondholders. In view of that relation The School District alone could, before the bank failed, have sued for the money. The bondholders could not sue. Moreover, The School District could have sued the bank for its deposits without reference to and certainly without aid from the bondholders, and the bank in such a suit could not set up the defense either of non-joinder of parties or non-liability to The School District because the suit was brought in its personal capacity. The School District being thus separately and personally able to pursue its remedy and enforce payment of the debts due it, just as the bank could have sued The School District on its certificates of indebtedness, there is between the parties that mutuality in the same right and in the same "quality of the right" or capacity, Hunter v.

Henning, 259 Pa. 347, 350, 103 A. 61, which justifies allowance of set-off at law.

If there be infirmity in this conclusion from the standpoint of a suit at law, there can be none in sustaining the learned trial judge in awarding a set-off to The School District on principles of equity.

Set-off, originally nothing more than an equitable defense, is now a rule of law created by statutes. Yet in yielding to the statutes in their application to suits at law, Courts of Chancery reserved to themselves their original jurisdiction over cross-demands which do not fall within the statutes. American Radiator Co. v. Modern Utilities Co., 108 Pa. Super. Ct. 96, 164 A. 925. In applying the equitable rule, courts of equity, where there is a special equity to be subserved and particularly where there is the interposition of assignments, receiverships and insolvency, and no equity of third persons to be injured, will, to prevent wrong and injustice, allow set-off to one with a right of action or of property, Wolf v. Beales, 6 Serg. & R. (Pa.) 242, 9 Am. Dec. 425, although the case is not within the terms of the statutes. Scammon v. Kimball, 92 U. S. 362, 23 L. Ed. 483; Scott v. Armstrong, 146 U. S. 499, 507, 13 S. Ct. 148, 36 L. Ed. 1059; North Chicago Rolling Mill Co. v. Ore & Steel Co., 152 U. S. 596, 615, 14 S. Ct. 710, 38 L. Ed. 565; Clark Car Co. v. Clark (C. C. A.) 48 F.(2d) 169; American Radiator Co. v. Modern Utilities Co., 108 Pa. Super. Ct. 96, 164 A. 925. Insolvency of the party against whom a set-off is claimed—in this case insolvency of the bank—is a recognized ground for equitable inquiry and, on a proper showing, for equitable interference. Gardner v. Chicago Title & Trust Co., 261 U. S. 453, 43 S. Ct. 424, 67 L. Ed. 741, 29 A. L. R. 622; American Radiator Co. v. Modern Utilities Co., 108 Pa. Super. Ct. 96, 164 A. 925; Laubach v. Leibert, 87 Pa. 55; Coburn v. Carstarphen, 194 N. C. 368, 139 S. E. 596, 55 A. L. R. 819; Funk v. Young, 138 Ark. 38, 210 S. W. 143, 5 A. L. R. 79.

We are of opinion that the learned trial judge, on the facts he stated and the reasons he gave, fell into no error in affording equitable relief by set-off.

We find nothing substantial in the final position of the receiver that if the set-off be disallowed the loss will fall not upon The School District but upon the sureties for the deposits. His tender of evidence to prove that the deposits of The School District were protected by surety bonds was properly re-

jected as immaterial. The fact that the bank and its sureties have given bonds does not take from The School District the right to set off its debt against the debts of the principal in the bonds. It may resort to its first available remedy of set-off. It cannot be compelled to forego that remedy and hazard suit against an insolvent principal and sureties of unknown soundness. Moreover, had the sureties paid, they doubtless would have claimed subrogation to The School District's right of set-off under the principle found in Rubey v. Watson, 22 Mo. App. 428 and in Clark Car Co. v. Clark, 48 F.(2d) 169, decided by this court.

The decree of the District Court is affirmed.