LOUIS B. BARTHOLOMY, GUARDIAN AND CURATOR OF ESTATE OF ROY LEE BARTHOLOMY AND DOLLY MAY BARTHOLOMY, MINORS, RESPONDENT, v. D. R. HARRISON, COMMISSIONER OF FINANCE, IN CHARGE OF PORTAGEVILLE BANK, APPELLANT.—74 S. W. (2d) 69.

Springfield Court of Appeals. August 24, 1934.

*Sharp & Baynes* for appellant.

873

*H. C. Riley* for respondent.

SMITH, J.—This is a claim for preference. The facts are simple. The bank was closed and is now in process of liquidation. Louis B. Bartholomy was appointed guardian and curator of the estate of the Bartholomy minors and gave bond as such. guardian and curator. As such curator the sum of $2157.73 came into his hands and he deposited this amount in the Portageville Bank. The first deposit was made July 21, 1931, in the sum of $2000; on August 8, 1931, $151.59 was deposited and on October 3, 1931, $6.43 was deposited. This was deposited and carried on the books in the name of "Louis Bartholomy, Guardian of Roy Lee and Dolly May Bartholomy." Certain checks were drawn by the guardian and curator against these deposits until the bank closed on January 12, 1932, when there remained a balance due on the deposits of $1643.54. These funds were not deposited for any special or particular purpose.

The guardian and curator filed in due time a claim for preference

for this amount. The claim was allowed as an ordinary claim by the commissioner and certified to the Circuit Court, and was there allowed in full as a preferred claim. From the judgment allowing the claim as a preference the Commissioner of Finance appealed to this court.

There is no controversy over the amount involved nor over any fact at issue in the case, and it was admitted that there were sufficient funds on hand to cover this claim at the time the bank closed.

The plaintiff contends that because this money belonged to his wards and that the banker had knowledge that it was money belonging to minors when deposited that the bank took the money as a preferred claim. It is his contention that under the provisions of Sections 412 and 418 of the Revised Statutes of Missouri, 1929, the guardian and curator should have loaned this money on approved real estate or bought certain bonds in the statutes designated, and that since it was not invested in that manner, and since the bank officer had knowledge of the source and ownership of the funds at the time the money was deposited, the bank received the money contrary to the statutory provisions, and thus received it as trustee, and that for thus unlawfully receiving this deposit by the bank the claim should be allowed as a preference.

We have not been cited any case by the plaintiff, nor have we found any, that holds it to be unlawful for a bank to receive money deposited by a guardian and curator. We do not think the statutes cited by the plaintiff, supra, can be construed to mean that it is unlawful for a bank to so receive such deposits.

The plaintiff has cited several cases where deposits are made contrary to some statutory provisions in which the bank had knowledge of facts sufficient under the law to constitute the bank a trustee of such funds entitling the depositor to a preference, but the facts in those cases are not the same as in this case, and those cases relied upon here are not in point.

On the other hand we are cited cases by the defendant, which convince us that the trial court erred in rendering the judgment here.

There is no question but that Section 418, Revised Statutes of Missouri, 1929, provides how the ward's money shall be loaned, when a loan is made. Prior to 1919 the guardians and curators were required to "loan the money of their wards at the highest legal rate of interest that can be obtained, on prime real estate security," except where the estate was less than three hundred dollars it might be loaned upon personal security. In 1919 the latitude was broadened to permit the funds to be invested in certain bonds designated in the statute. [Section 418, supra.] The statute is no more binding upon the guardian and curator now than it was prior to the amendment in 1919, and the duties of the guardian and curator are no more binding now than prior to the amendment. And the obligations of

the guardian and curator, and his duties thereunder, and his liabilities for failure to properly perform are regulated by the statutes, and have been for many years past. We are not passing on the question of the guardian and curator's liability under his bond for not performing his duty towards his wards in handling their estate, or for failure to make proper investments. We are confronted here with some simple questions, that is, since the statute directs the guardian and curator in the kind of loans he can make with the security he may accept, and the kind of investment he may make in certain bonds, does that prevent his depositing the funds of his wards in the bank under any and all circumstances? And if he does deposit it under any circumstances is it such a violation of the law on his part and on the part of the bank receiving the deposit as to give his wards an advantage over the general creditors of the bank? And after all this is a case affecting the rights of the general creditors of the bank as well as the plaintiff.

The record shows that on July 21, 1931, the guardian and curator deposited $2000 of his wards' money. Eighteen days thereafter he deposited $151.39, and in about seven weeks thereafter he deposited $6.43. The bank failed and closed its doors two months and nine days after the last deposit was made. The record is silent as to just when the guardian and curator received these various amounts. It might be presumed that he received the cash at intervals and in amounts as deposited. Could or should it be said that when he received the first collection he should on that day make some real estate loan or on that day invest it in certain bonds? Would it not be reasonable for him to wait until all the funds were collected before he invests it? If he collected on the day deposits were made he collected it all within less than two and one-half months.

Under the present methods of transacting business, would anyone say that he should have carried the $2000 in his pocket until the other collections were made, or until he could find a prime real estate loan? Did he do the reasonable thing in depositing that amount in the bank until he made the other collections, or until he could make a real estate loan or buy bonds? And in the absence of testimony otherwise, we may assume that he intended to perform his duty. He could, of course, have made a special deposit when he put the money in the bank, but there is no evidence that he did so in this case. He might be liable under his bond for not doing his duty, but that is a question we are not deciding here. We are simply passing on the question under the undisputed facts in this case as to whether the plaintiff is entitled to a preference against the general depositors.

There is no evidence of any special agreement between the bank and the depositor when the deposit was made. The money was simply deposited by the guardian and curator and in his name as such, with

no restrictions whatever against the funds being mingled with the funds of the bank and being used by the bank. We think the fact that this was minors' money and that the statutes provide how the money should be loaned or invested is not enough to entitle the claimant to a preference. The facts are like the facts were in the case of Paul v. Draper, 158 Mo. 197, 59 S. W. 77, and in that case our Supreme Court held the case was not one for a preference. That case has been cited with approval many times since, and we think we are bound by that holding. Other cases in point are, Butcher v. Butler, 134 Mo. App. 61, 114 S. W. 564; Mo. Mutual Association v. Holland Banking Co., 220 Mo. App. 1256, 290 S. W. 100; Stephens v. Bragg City, 224 Mo. App. 469, 471, 27 S. W. (2d) 1063; Keyes v. Panducah & I. R. Co., 61 Fed. (2d) 611, and Beck v. Krembs & Monti, 201 Mo. App. 1. c. 703, 213 S. W. 487.

The judgment should be reversed and the cause remanded with direction to enter judgment allowing the claim as an ordinary claim. It is so ordered. *Allen, P. J.,* and *Bailey, J.,* concur.