The Honorable Martha F. Jarman Representative, District 29 State Capitol Building, Room 412A Jefferson City, Missouri 65101
Dear Representative Jarman:
This opinion is in response to your question asking:
 Is it legally permissible for a city which levies a tax for parks pursuant to Section 90.500, RSMo 1986, to impose an administrative service fee on the park fund for processing checks and providing accounting service for the park fund?
Section 90.500, RSMo 1986 provides:
 90.500. Parks — petition — tax rate — election — form of ballot (certain cities). — 1. When one hundred voters of any incorporated city or town having less than thirty thousand inhabitants, or any city of the third class, shall petition the mayor and common council asking that an annual tax be levied for the establishment and maintenance of free public parks in the incorporated city or town, and providing for suitable entertainment therein, and shall specify in their petition a rate of taxation as provided in this section not to exceed forty cents per year on each one hundred dollars of assessed valuation, the mayor and common council shall submit the question to the voters.
 2. The question shall be submitted in substantially the following form:
 Shall a . . . . . cent tax per one hundred dollars assessed valuation be levied for public parks?
* * *
[Emphasis added.]
Section 90.550, RSMo 1986 provides in part that:
 All moneys received for such parks shall be deposited in the treasury of said city or town to the credit of the park fund and shall be kept separate and apart from the other moneys of such city or town and drawn upon by the proper officers of said city or town upon the properly authenticated vouchers of the park board.
"A municipal corporation . . . is a creature of the legislature, possessing only those powers expressly granted or those necessarily or fairly implied in or incidental to express grants, or those essential to the declared objects of the municipality. [Citation omitted.] Any reasonable doubt as to whether a power has been delegated to a municipality is resolved in favor of nondelegation." Anderson v. City of Olivette,518 S.W.2d 34, 39 (Mo. 1975). For a municipality to impose an administrative service fee on a city park fund some statutory provision must exist that grants such authority to the municipality. If no authority exists, then such a fee cannot be charged.
It is well settled that money gathered for a specific purpose cannot be legally used for another purpose. Stephensv. Bragg City, 27 S.W.2d 1063 (Spr. Ct. App. 1930). Section90.500, RSMo 1986 gives certain cities the authority to levy a tax only for certain park purposes. The money collected pursuant to such section cannot be spent on anything other than the specified park purposes.
Section 50.515, RSMo 1986 allows counties to impose an administrative service fee on a county park fund for various services, including accounting services, relating to the management of the fund itself. No similar provision can be found which allows cities to impose such a fee on a city park fund. Presumably, if the General Assembly wished to allow cities to impose an administrative service fee on a city park fund, it would have done so explicitly. The fact that no similar provision exists authorizing cities to impose an administrative service fee indicates that cities do not have the authority to impose such a fee on a city park fund.
CONCLUSION
It is the opinion of this office that cities which levy a tax for parks pursuant to Section 90.500, RSMo 1986, may not impose an administrative service fee on the park fund for processing checks and providing accounting services for the park fund.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General